# RESCRIPT OPINIONS.

COMMONWEALTH vs. EDWIN T. CRICHLOW, JR. No. 90-P-385. January 30, 1991. *Practice, Criminal,* Comment by prosecutor, Argument by prosecutor. *Error,* Harmless. *Constitutional Law,* Self-incrimination.

A jury convicted the defendant of kidnapping, two counts of aggravated rape, and unarmed robbery. He alleges error in (1) the prosecutor's opening statement, (2) the prosecutor's improper questioning of an expert witness, and (3) the failure of the judge to instruct the jury on the proper weight to be given the testimony of an expert witness.

The victim, a thirty-three year old married woman, alleged that the defendant raped her in Springfield in the early morning hours of August 13, 1988. It was undisputed at trial that the victim had socialized with the defendant and another man, one Gray, at two bars during the evening of August 12, and that by the early morning of August 13, the victim and the defendant were on the premises of a business where the defendant was formerly employed. It was also undisputed that after having intercourse with the victim the defendant drove away in her automobile, leaving her behind. After the defendant left, the victim made her way to a nearby bar and reported she had been raped. The defendant was arrested in Chicopee on August 18. He was in possession of the victim's automobile at the time of his arrest.

The defendant did not testify at his trial. He presented one witness (Gray). Through Gray's testimony and cross-examination of the Commonwealth's witnesses, he sought to establish consent as a defense to the crimes.

1. *The prosecutor's opening statement.* In his opening statement, the prosecutor described the defendant's arrest on August 18, 1988, in Chicopee and his detention at the Chicopee police station. The prosecutor then said:

> "They [Springfield police officers] went [to the Chicopee police station] to talk to Crichlow and they advised him of his rights and that *he said that he didn't want to speak any further.* And as the officers sat there, preparing to leave, Mr. Crichlow made a spontaneous statement, 'Is this about [the victim's ] car?' " (Emphasis added.)

Immediately after the prosecutor finished his opening statement, defense counsel, at a side bar conference, objected to the prosecutor's comment.

The judge told defense counsel that she would be "glad" to "give a limiting instruction to the jury." Defense counsel responded that he did not know what the judge could do at that point. The judge repeated that "I'm telling you if you want I will give a limiting instruction to the jury that there is absolutely no obligation and each person is well within their rights of not giving any statement to the police."[1] Defense counsel declined the offer.

The defendant claims that a new trial is required because the prosecutor improperly commented on the defendant's postarrest silence. We agree that the prosecutor's remark was improper (as the Commonwealth concedes), but we hold that, in the circumstances, a new trial is not warranted.

It is well settled that a prosecutor may not comment upon a defendant's exercise of his Fifth Amendment right not to incriminate himself. *Commonwealth* v. *Cobb*, 374 Mass. 514, 521 (1978). *Commonwealth* v. *Mosby*, 11 Mass. App. Ct. 1, 5-6 (1980). In some instances, however, "prosecutorial comment on post-arrest silence, although unconstitutional, might constitute a harmless error under the standard of *Chapman* v. *California*, 386 U.S. 18 . . . (1967)." *Commonwealth* v. *Mahdi*, 388 Mass. 679, 696 (1983), quoting from *Morgan* v. *Hall*, 569 F.2d 1161, 1166 (1st Cir.), cert. denied, 437 U.S. 910 (1978). In order to determine whether the prosecutor's remark was harmless beyond a reasonable doubt, "[a]s the reviewing court, we must assess the record as a whole to determine the probable impact of the improper comments and evidence on the jury." *Commonwealth* v. *Mahdi, supra.*

In *Mahdi*, the court listed several factors which it considered useful in determining whether the prosecutor's conduct constituted harmless or harmful error. The factors, which the court recognized were not exclusive or exhaustive, include: "(1) the relationship between the evidence and the premise of the defense; (2) who introduced the issue at trial; (3) the weight or quantum of evidence of guilt; (4) the frequency of the reference; and (5) the availability or effect of curative instructions" (footnotes omitted). *Id.* at 696-697. Applying the factors, not necessarily in order, we hold that the comment was harmless error.

Here, the prosecutor's challenged conduct consisted of a remark in his opening statement and not testimony about the defendant's statement during the course of the trial. Contrast *Morgan* v. *Hall*, 569 F.2d at 1168 (improper testimony used to impeach crucial testimony). The opening statement was delivered shortly after the judge had instructed the jury that "an opening statement is not evidence. The evidence is what you are going to hear from the witness stand and any exhibits that are introduced

---

[1]It is obvious from the tenor of the judge's statement that she intended, if defense counsel acquiesced, to give a *curative* instruction, not a *limiting* instruction to the jury.

during the course of the trial."[2] Examining the entire opening statement, we note that the remark was obviously directed at the charge of unarmed robbery (stealing of the victim's automobile by force and violence), a crime not seriously contested by the defendant. The remark was not repeated. Moreover, in the context of the entire opening statement, it "was a vague and fleeting comment, not likely to influence, or even to seize the attention of the jury." *Commonwealth* v. *Cunneen*, 389 Mass. 216, 223-224 (1983).[3] Further, "the Commonwealth [did not] use the defendant's statement [that he did not want to speak any further] as evidence of his guilt, or to impeach an explanation subsequently offered at trial." *Commonwealth* v. *Habarek*, 402 Mass. 105, 110 (1988). Evidence of the defendant's guilt was strong. *Morgan* v. *Hall*, 569 F.2d at 1167-1168 (harmless error when overwhelming evidence of guilt). Finally, the offer of a curative instruction by the judge was refused by the defendant.

In sum, "[t]he privilege [against self-incrimination] should never fail of high respect and solid enforcement in our courts, but the attempt to bring it or its policy to bear in the present case to reverse the conviction[s] seems . . . much overdrawn and without merit." *Commonwealth* v. *Sherick*, 23 Mass. App. Ct. 338, 343 (1987).

By holding that the prosecutor's remark was harmless error, we do not condone his conduct. We are satisfied that it was inadvertent. Opening statements, although not evidence, should, however, be carefully prepared so that errors such as this one will be avoided.[4]

2. *Alleged errors by prosecutor and judge concerning testimony of examining physician.* The doctor who treated the victim in the emergency room was called by the prosecutor as a witness. He testified about the numerous cuts and bruises that he observed on the victim's face, chest, and arms. In response to the prosecutor's question, he testified that he did not notice any injuries in the area of the victim's vagina or rectum. When asked by the prosecutor if the absence of such injuries, in the witness's experience, was "unusual," the defendant objected and the objection was sustained by the judge as to "form." The prosecutor asked the same question differently worded, four more times on direct examination, and three more times on cross-examination. The questions were objected to each time and the objections were sustained. Once the doctor answered that it was not "unusual." The defendant objected but did not move to strike the answer. His objection was sustained.

---

[2]At the end of the trial, the judge again instructed the jury that opening statements are not evidence.

[3]The defendant claims in his brief that the prosecutor, in his closing argument, "again highlighted the fact that [the defendant] had stood on his Fifth Amendment rights." We have examined the prosecutor's closing argument. There is nothing in it that even remotely supports the defendant's claim.

[4]Appellate counsel for the Commonwealth was not trial counsel.

On appeal, the defendant claims that the prosecutor's repeated "improper" questioning allowed the witness to testify that the victim had been "raped." He argues that the prosecutor's misconduct created a substantial risk of a miscarriage of justice and a new trial is required.

There is nothing in the record that shows that the doctor was asked or testified that, in his opinion, the victim was "raped." Contrast *Commonwealth* v. *Mendrala*, 20 Mass. App. Ct. 398, 402-404 (1985). The doctor did not testify as an expert on rape. He testified as to what he observed as a consequence of his physical examination of the victim at the hospital. He also testified as to the details of the sexual assault as told to him by the victim. There was nothing in his testimony that requires us to order a new trial.

The defendant also complains that the judge misinstructed the jury in regard to the doctor's testimony. There is no merit to the defendant's claim.

*Judgments affirmed.*

*M. Page Kelley*, Committee for Public Counsel Services, for the defendant.

*Michael J. Hickson*, Assistant District Attorney, for the Commonwealth.