GLEN J. BREESE *vs.* COMMONWEALTH.

Suffolk. January 6, 1993. - May 13, 1993.

Present: LIACOS, C.J., ABRAMS, NOLAN, & GREANEY, JJ.

*Homicide. Constitutional Law*, Assistance of counsel. *Practice, Criminal*, Assistance of counsel, New trial.

In a proceeding concerning a criminal defendant's third motion for a new trial, based on his contention that counsel on the defendant's second appeal was ineffective for not arguing that trial counsel rendered ineffective assistance, where trial counsel was not ineffective with respect to his failure to investigate another suspect, his treatment of certain footprint evidence, his failure to move to suppress the defendant's noncustodial statements to police, or his failure to object to a mistatement in the prosecutor's closing argument, the judge correctly concluded that appellate counsel was not ineffective for failing to argue those issues. [249-257]

INDICTMENT found and returned in the Superior Court on June 26, 1978.

A motion for a new trial, filed on March 1, 1990, was heard by *John C. Cratsley*, J.

*Elizabeth A. Lunt* for the defendant.

*Annemarie Relyea-Chew*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. A single justice of this court allowed a motion of Glen J. Breese (defendant) for leave to appeal, see *Leaster* v. *Commonwealth*, 385 Mass. 547 (1982); G. L. c. 278, § 33E (1990 ed.), a claim of ineffective assistance of counsel. The defendant was convicted of murder in the first degree. We affirmed the conviction. See *Commonwealth* v. *Breese*, 381 Mass. 13 (1980). Leave to appeal a second motion for new trial was allowed and the defendant's conviction was affirmed. See *Commonwealth* v. *Breese*, 389 Mass. 540 (1983). The appeal now before us claims that counsel on the

second appeal was ineffective because he did not argue that trial counsel rendered ineffective assistance. We conclude that the second appellate counsel was not ineffective. We again conclude that the defendant is not entitled to a new trial.

1. *Prior proceedings.* We summarize the prior proceedings. Counsel on the defendant's direct appeal was a member of trial counsel's law firm. In 1986, the defendant, pro se, filed a motion for a new trial on the ground of ineffective assistance of trial counsel. The motion was denied. The defendant filed an application to appeal the denial of the motion for a new trial, and a motion for appointment of counsel, in the county court. A single justice appointed current counsel for the defendant (third appellate counsel). After a hearing, a single justice denied without prejudice the defendant's motion for leave to appeal in December, 1987. The order of the single justice allowed the defendant to renew his motion after the claim of ineffective assistance of trial counsel was presented in the Superior Court.

Third appellate counsel filed a motion for new trial and for evidentiary hearings. Those motions were denied. The motion judge concluded that the defendant's prior counsel's representation did not fall below the standard in *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). The defendant applied to a single justice of this court for leave to appeal the denial of his motion for a new trial.

The single justice allowed the defendant leave to appeal his claim of ineffectiveness of second appellate counsel in not arguing certain claims of ineffectiveness of trial counsel which the single justice designated as substantial.[1] The issues

---

[1]We consider second appellate counsel's ineffectiveness because the first appellate counsel was associated with trial counsel in the practice of criminal law. See *Commonwealth* v. *Lanoue,* 409 Mass. 1, 3-4 (1990) (unrealistic to expect attorney to raise claim calling own competence into question on appeal); *Pires* v. *Commonwealth,* 373 Mass. 829, 836 n.4 (1977) (counsel's "blunders" at trial should not be concealed by counsel's subsequent blunders on appeal). Second appellate counsel thus afforded the first opportunity the defendant had to raise the issue of trial counsel's ineffectiveness.

designated as substantial by the single justice are (1) trial counsel's failure to pursue evidence that the defendant contends points to another individual as the murderer; (2) trial counsel's failure to prepare for the Commonwealth's bloody footprint identification evidence, and counsel's failure to move for a continuance on being confronted by such evidence; (3) trial counsel's failure to seek suppression of the defendant's statements to police that were made without the benefit of Miranda warnings; and (4) trial counsel's failure to object to one mistake in the Commonwealth's summation.[2]

2. *Ineffectiveness of appellate counsel on the second appeal.* The defendant's claim of ineffectiveness of counsel is directed at his second appellate counsel, rather than his trial counsel or counsel on his direct appeal. "In cases where tactical or strategic decisions of the defendant's counsel are at issue, we conduct our review with some deference to avoid characterizing as unreasonable a defense that was merely unsuccessful." *Commonwealth* v. *White*, 409 Mass. 266, 272 (1991). We require that challenged decisions must be "manifestly unreasonable" to give rise to a claim of ineffective assistance. *Id.* at 273, quoting *Commonwealth* v. *Adams*, 374 Mass. 722, 728 (1978). The Commonwealth argues that second appellate counsel's decision not to argue ineffective assistance of trial counsel was a reasonable strategic choice.[3] We agree. Second appellate counsel obtained leave to appeal, see *Leaster* v. *Commonwealth*, 385 Mass. 547 (1982), and obtained another appellate review of the defendant's conviction. *Commonwealth* v. *Breese*, 389 Mass. 540 (1983). That the defendant's conviction was affirmed does not require the conclusion that counsel's representation was ineffective.[4]

---

[2]The defendant makes a number of other arguments. We note that the defendant has already received plenary review under G. L. c. 278, § 33E (1990 ed.). We consider only those issues designated as substantial by the single justice.

[3]After reviewing the transcript, second appellate counsel informed the defendant that none of the claims the defendant advanced in his pro se application stood a realistic chance of success.

[4]The Commonwealth argues that, even if second appellate counsel rendered ineffective assistance, the defendant has no right to counsel on an

The question whether second appellate counsel rendered the defendant ineffective assistance necessarily depends on whether the defendant received ineffective assistance of counsel at trial and on the first appeal. If the defendant received effective assistance of counsel at trial, there can be no argument that either first or second appellate counsel was ineffective for failing to argue that trial counsel was ineffective. We conclude that the defendant received effective assistance at trial, and that therefore appellate counsel was not ineffective for failing to argue that trial counsel was ineffective.

a. *The standard of review.* In considering a claim of ineffective assistance of counsel under art. 12 of the Massachusetts Declaration of Rights, we examine "whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian, supra* at 96; *Commonwealth* v. *Satterfield*, 373 Mass. 109-115 (1977) (defendant must show that better work might have accomplished something material for the defense). The Massachusetts Declaration of Rights can, in this area, provide greater safeguards than the Bill of Rights of the United States Constitution. See, e.g., *Commonwealth* v. *Hodge*, 386 Mass. 165, 169-170 (1982) (no need to demonstrate actual prejudice in case involving actual conflict of interest). We examine the four issues designated as substantial by the single justice in turn.

---

appeal from a denial of a motion for new trial. *Pennsylvania* v. *Finley*, 481 U.S. 551 (1987) (no right to counsel on discretionary appeals); *Ross* v. *Moffitt*, 417 U.S. 600 (1974); *Commonwealth* v. *Deeran*, 397 Mass. 136, 140-141 n.4 (1986). Therefore, the Commonwealth concludes, "[T]here can be no viable claim that counsel's ineffectiveness deprived him of this 'right.'" *Id.* at 141 n.4. We reject this proposition. When counsel is appointed for a defendant that defendant is entitled to receive effective assistance from appointed counsel. We do not permit any counsel to fall below the *Saferian* standard.

b. *Failure to investigate another suspect.* The defendant argues that trial counsel failed to investigate another suspect, and therefore rendered ineffective assistance. The defendant concludes that second appellate counsel's failure to argue this issue constitutes ineffective assistance. We do not agree.

Defense counsel is not required to conduct an independent investigation of all individuals initially considered as suspects in a police investigation.[5] The defendant has failed to show that an investigation of the other suspect would have revealed any information connecting the other suspect with the murder or the victim, or that attempting to use the other suspect as a witness might have been helpful to the defense. A defendant must make "some showing that better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield, supra.* The defendant fails to satisfy the second prong of the *Saferian* standard. *Commonwealth* v. *Richard,* 398 Mass. 392 (1986) (showing of prejudice essential to success on challenge to effectiveness of counsel's performance).

c. *Footprint evidence.* At trial, a special agent in the Federal Bureau of Investigation (FBI) who had experience examining shoe prints and automobile tire tread impressions testified that characteristics of bloody footprints photographed at the murder scene matched those of exemplars made by the defendant's feet. The defendant contends that trial counsel "failed to inform himself prior to trial of the prosecution's scientific evidence." The defendant's argument fails, however, in that the existence of photographs of the crime scene footprints was not known to trial counsel until the first day of trial, because the prosecution did not discover

---

[5]One officer stated that he could "fill a room with negative results." Further, defense counsel did cast suspicion on one Sam Folsom, who rented the apartment for the prostitutes. Defense counsel raised the issue whether Folsom was the victim's pimp and killed her. The police were unable to locate Folsom from the time of the homicide through the time of trial.

that photographic negatives of the crime scene footprint photographs existed until the eve of the trial.[6]

The defendant contends that had trial counsel simply looked at the defendant's feet, he would have discovered that the characteristics of the defendant's feet differed from those highlighted by the FBI expert. As one example, the defendant maintains that his first toe is longer than his second toe, in contrast to the testimony of the FBI expert regarding the footprint exemplars and crime scene photographs. This argument ignores the fact that trial counsel did see the defendant's feet when exemplars of his footprints were taken.[7] That the defendant had an unusual footprint was part of the testimony.

The defendant presented an affidavit of an "expert" in support of his motion for new trial. The affiant[8] criticized the camera used by the FBI, the method used to photograph the crime scene footprints, and the lack of records regarding the type of sock and the viscosity of paint used in taking the known footprint exemplars.

Trial counsel on cross-examination challenged the police photographer on potential for distortion resulting from camera angles and focus, and highlighted that the photographer did not measure the crime scene footprints, because there were no whole footprints to photograph or measure. On cross-examination, trial counsel impeached the thoroughness and precision of the FBI's investigative work. Further, on

---

[6]The judge ruled that the prosecution did not act in bad faith in not disclosing the existence of the photographic negatives to the defendant, finding that the prosecution itself had not discovered the photographic negatives until just before trial.

[7]The defendant, a shoe salesman, would be expected to have a greater awareness of the characteristics of his feet than an individual with no experience in the area, and to call any discrepancies in the expert witness's testimony to defense counsel's attention.

[8]The affidavit also contained numerous inappropriate statements and conclusions of law. Further, the affiant asserted that the camera used by the police photographer would be considered a collector's item in 1989. The only relevant issue, however, is whether the camera used was appropriate at the time and for the task for which it was used.

cross-examination, the FBI expert admitted that he could not positively identify the crime scene footprints as those of the defendant. There was no error in appellate counsel's determination that this issue would not result in a reversal of the defendant's conviction.[9]

d. *Trial counsel's failure to move to suppress the defendant's statements.* The defendant argues that the police questioning of the defendant at his apartment and his workplace during the investigation of the murder violated *Miranda* v. *Arizona*, 384 U.S. 436 (1966), and that trial counsel's failure to move to suppress his statements constituted ineffective assistance. We disagree.

The defendant asserts that he was in custody, or at least deprived of his freedom of action in a significant way, during the two police interviews that produced the statements used at trial.[10] We do not agree. The defendant was questioned in familiar surroundings on two occasions; the police did not place the defendant in custody after either interrogation. Indeed the police did not arrest the defendant until two weeks after the questioning. The interviews were not custodial.

The defendant's reliance on *Commonwealth* v. *Haas*, 373 Mass. 545 (1977), *S.C.*, 398 Mass. 806 (1986), is misplaced. In *Haas*, we held that when a defendant was in custody, police interrogation must be preceded by *Miranda* warnings. Here, the defendant was not in custody. *Commonwealth* v. *Bryant*, 390 Mass. 729 (1984) (factors relevant to determining whether suspect in custody for purposes of *Miranda* include place of interrogation, whether there is probable cause to arrest suspect, aggressiveness of interrogation, and whether suspect is free to end interview by asking interrogator to leave as evidenced by whether interview terminated with defendant's arrest).

___

[9]Similarly, there was no error in not seeking a continuance in the middle of trial.

[10]On the record, defense counsel stated that his strategy was to emphasize the defendant's cooperation as evidence he was innocent and had nothing to hide.

The defendant argues that his situation is governed by *Orozco* v. *Texas*, 394 U.S. 324 (1969). In *Orozco*, four officers questioned a murder suspect in his boardinghouse bedroom at 4 A.M. without Miranda warnings; the Supreme Court held that the defendant was in custody, and that the defendant's statements should have been excluded. At least two factors distinguish the defendant's case from *Orozco*. First, in *Orozco*, the police entered the bedroom without the defendant's assent. *Orozco*, *supra* at 325. Here, the defendant himself admitted the police officers. Second, in *Orozco*, the police testified that once the defendant gave his name, he was not free to go, but was in fact "under arrest." *Id*. Here, the defendant was neither under arrest nor in custody.

Because a motion to suppress would have been unsuccessful, the defendant's claim that trial counsel's failure to move to suppress the defendant's statements constituted ineffective assistance is meritless. Appellate counsel was not ineffective for choosing to forgo a meritless argument.

e. *Prosecutor's closing*. The defendant contends that during closing, the prosecutor stated that a hair "forcibly removed by the root" from the defendant's head "was simply lying on the victim's hand." The defendant argues that the prosecutor "egregiously misrepresented the evidence," and that trial counsel's failure to object immediately, or after the closing argument, constituted ineffective assistance. We disagree. Read in context, the prosecutor's statement appears to be a mistake. Indeed, almost immediately thereafter, the prosecutor said that the hair was "on that bloody towel." The argument was not intended to suggest that the unknown hairs belonged to the defendant. Rather, the argument was directed at contradicting the defendant's statement that the victim got out of his automobile in the area of the New England Medical Center and got into another automobile. The one statement (corrected almost immediately thereafter by the statement that the defendant's hair in the apartment was "on that bloody towel") does not require reversal of the defendant's conviction. Appellate counsel did not err in his assessment that an argument that reversal was required be-

cause of the prosecutor's closing would be unsuccessful. See *Commonwealth* v. *Kozec*, 399 Mass. 514 (1987).

*Order affirmed.*