## COMMONWEALTH *vs.* LUIS EGARDO.

No. 95-P-1939.

Suffolk. October 4, 1996. - January 14, 1997.

Present: BROWN, LAURENCE, & LENK, JJ.

Further appellate review granted, 424 Mass. 1105 (1997).

*Practice, Criminal,* Assistance of counsel, Failure to object, Comment by prosecutor, New trial.

At a criminal trial, defense counsel's unreasonable failure to object to the prosecutor's improper question regarding the defendant's postarrest silence, or to the prosecutor's improper argument on the issue constituted ineffective assistance of counsel [43-44], and, in the circumstances, counsel's failure to object prejudiced materially the defendant's case: a new trial was required [44].

INDICTMENT found and returned in the Superior Court Department on October 12, 1990.

Following review by this court, 33 Mass. App. Ct. 1118 (1992), a motion for a new trial, filed on December 20, 1994, was heard by *James D. McDaniel, Jr.,* J.

*Dennis Shedd* for the defendant.

*Jane L. McDonough,* Assistant District Attorney, for the Commonwealth.

BROWN, J. On February 12, 1991, the defendant was convicted of drug trafficking under G. L. c. 94C, § 32E(*b*)(4). The defendant subsequently filed an appeal, and on December 16, 1992, this court affirmed the defendant's conviction. *Commonwealth* v. *Egardo,* 33 Mass. App. Ct. 1118 (1992). Represented by new counsel, the defendant filed a motion for new trial in the Superior Court claiming that his trial counsel had failed to provide effective assistance. The motion judge (who was not the trial judge) denied the defendant's motion. The defendant now appeals from that ruling. For the reasons discussed herein, we conclude that the defendant is entitled to a new trial.

The pertinent evidence, as rehearsed by the motion judge, is as follows. On September 25, 1990, a confidential informant told police that a man would arrive in Maverick Square at 10:00 P.M. carrying a large quantity of cocaine. Detectives Dominguez and Tully waited at Maverick Square in East Boston until they observed a person who matched the description supplied by the informant. That person was the defendant. The defendant was placed under arrest after a search of his bag yielded 250 grams of cocaine.

The defendant testified that at the time of his arrest, he lived in Fitchburg with his two young children and their mother. He admitted to transporting the cocaine, but maintained that he did so under duress. According to the defendant, in August, 1990, he borrowed three hundred dollars from one Rafael Flores. On September 24, Flores and another man appeared at his home and demanded repayment of the loan. The defendant informed the men that he did not have the money. The men then drew guns and told the defendant that if he did not accompany them to New York, they would take his "wife" and children. On the way there, the men told the defendant that if he tried to escape they would find and kill his wife and children.

The next day, while in New York, the men told the defendant that he was to transport drugs to Boston by bus and that if he refused or tried to escape, they would kill him and his family. Flores left for Boston by car at 11:00 A.M. The other man, still armed, escorted the defendant to the bus terminal and bought him a ticket to Boston. The bus departed from New York at 1:00 P.M. While enroute, the bus broke down and was delayed for four hours. As a result, the defendant did not arrive in Boston until 9:30 P.M. Once there, the defendant, as instructed, took a taxi to Maverick Square, where he was subsequently arrested. The defendant testified that during this entire trip, he feared for his life and the lives of his family members.

The defendant maintains that his trial counsel was ineffective in three respects. First, the defendant claims that trial counsel erroneously requested a jury instruction on duress which included language that a "threat of future harm is not enough." Second, he claims that trial counsel erred in not objecting to evidence and closing argument relating to the defendant's postarrest silence. Finally, the defendant contends

that trial counsel failed to present any mitigating factors during the sentencing stage.[1]

In considering a claim of ineffective assistance of counsel, we look to the familiar teaching of *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). See also *Commonwealth* v. *McGann*, 20 Mass. App. Ct. 59, 61-62 (1985). We need reach only the defendant's second claim and, with respect to that argument "[w]e have no hesitancy in noting that the performance of the defendant's counsel at trial was no model." *Commonwealth* v. *Medina*, 20 Mass. App. Ct. 258, 259 (1985).

Prior to trial, the defendant's trial counsel filed a motion in limine to exclude any reference to the defendant's postarrest silence. The trial judge ruled that the prosecution could inquire about the defendant's ability to escape up to the time he was arrested, as well as any statements made prior to or at the time of the arrest. The court, however, forbade the prosecution from arguing that the defendant did not tell "the police about the duress after his arrest or suggest[ing] that [the defendant's] postarrest silence belied his story."

During redirect examination of one of the arresting officers, the prosecutor, contrary to the judge's admonition, asked whether the defendant had told him that he had been forced to transport the drugs. The officer responded that the defendant had not done so. Defense counsel did not object to this question. Later, during closing argument, the prosecutor argued as follows:

> "When he arrives in Boston, he's caught by the detectives. And listen to the defendant's choice of words, ladies and gentlemen: 'I'm just carrying the drugs.' Would you have expected something different from Mr. Egardo? *Would you have expected someone under duress to have said something different?*" (Emphasis supplied.)

Again, there was no objection by defense counsel.

The defendant maintains that trial counsel was ineffective

---

[1]In the defendant's direct appeal, his claims of ineffective assistance of trial counsel were not argued within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). However, because the defendant's trial counsel and first appellate counsel were both employed by the Committee for Public Counsel Services, the arguments were not waived. See *Breese* v. *Commonwealth*, 415 Mass. 249, 250 n.1 (1993).

in failing to object to that question and closing argument on the ground that both improperly referred to the defendant's postarrest silence. It is well settled that a prosecutor may not comment upon a defendant's postarrest silence. *Doyle* v. *Ohio*, 426 U.S. 610, 619 (1976). See also *Commonwealth* v. *Crichlow*, 30 Mass. App. Ct. 901, 902 (1991). "This issue is one of Federal constitutional dimension." *Commonwealth* v. *Hudson*, 26 Mass. App. Ct. 936, 938 (1988). Here, the references to the defendant's postarrest silence were clearly improper, and we discern no reasonable basis for trial counsel's failure to object thereto.

We must therefore determine whether trial counsel's failure to object prejudiced the defendant's case in a "material way." *Commonwealth* v. *Frisino*, 21 Mass. App. Ct. 551, 552 (1986). Cf. *Commonwealth* v. *Mahdi*, 388 Mass. 679, 696-697 (1983). Here, the central issue in the case was whether the defendant acted on his own initiative or whether his actions were the product of duress.[2] The prosecutor's improper comments struck at the heart of the defendant's duress defense. Although the prosecutor only referred to the defendant's postarrest silence once during her closing argument, it is significant that it was one of the last comments she made.[3] Given the nature of the defense, in the circumstances presented here we cannot conclude with confidence that the defendant was not unfairly prejudiced by trial counsel's failures to object, in particular to the prosecutor's closing insinuation that the duress defense was a late invention.[4] The defendant is therefore entitled to a new trial.

Deciding the case as we do, we need not consider the remaining issues raised by the defendant. However, at any retrial, defense counsel is well-advised not to request a duress instruction which includes the language that "a threat of future harm is not enough," as this formulation has been the

[2] " '[D]uress' is usually taken to require a present, immediate, and impending threat of such a nature as to induce a well-founded fear of death or of serious bodily injury if the criminal act is not done; the actor must have been so positioned as to have had no reasonable chance of escape." *Commonwealth* v. *Robinson*, 382 Mass. 189, 199 (1981).

[3] Although the trial judge instructed the jury that they could draw no inference from the defendant's postarrest silence, we do not believe that this instruction was sufficient to cure the prejudice to the defendant's case.

[4] The two prior trials of this offense ended in mistrials due to the jury's inability to reach a verdict.

subject of criticism. See Robinson, 2 Criminal Law Defenses § 177(e)(2) (1984); Perkins, Impelled Perpetration Restated, 33 Hastings L.J. 403, 414-415 (1981); Newman & Weitzer, Duress, Free Will & the Criminal Law, 30 So. Cal. L. Rev. 313, 328, 334 (1957).

*Order denying motion for*
*new trial reversed.*