## COMMONWEALTH *vs.* LUIS EGARDO.

Suffolk. September 9, 1997. - October 29, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, & MARSHALL, JJ.

*Practice, Criminal,* Assistance of counsel, Comment by prosecutor, Failure to object, New trial. *Constitutional Law,* Assistance of counsel.

A criminal defendant may assert a claim of ineffective assistance of counsel against his trial counsel which his first appellate counsel failed to raise on appeal, in circumstances in which both the trial and the first appellate counsel were attorneys employed by the Committee for Public Counsel Services, thus the defendant had not had a prior opportunity to present such a claim. [49-50]

A criminal defendant demonstrated that he was deprived of effective assistance at trial by his counsel's failure to object to testimony about, and improper closing argument on, the defendant's postarrest silence, which unfairly and unconstitutionally impeached the defendant's trial testimony and deprived him of an otherwise available substantial ground of defense: the defendant was entitled to a new trial. [50-54]

INDICTMENT found and returned in the Superior Court Department on October 12, 1990.

A motion for a new trial, filed on December 20, 1994, was heard by *James D. McDaniel, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Jane L. McDonough,* Assistant District Attorney, for the Commonwealth.

*Ernest H. Hyde* for the defendant.

LYNCH, J. The defendant was convicted of drug trafficking in violation of G. L. c. 94C, § 32E (*b*)(4), on February 12, 1991,[1] and the Appeals Court affirmed the conviction in an unpublished memorandum pursuant to its rule 1:28. *Commonwealth* v.

---

[1]The defendant raised a defense of duress. Relevant aspects pertaining to that defense are provided in a subsequent section to supplement our analysis of the ineffective assistance of counsel claim.

*Egardo*, 33 Mass. App. Ct. 1118 (1992).[2] The defendant subsequently acquired new counsel and moved for a new trial in the Superior Court, arguing for the first time, ineffective assistance of counsel. The motion judge denied the motion, but the Appeals Court ordered a new trial. *Commonwealth* v. *Egardo*, 42 Mass. App. 41 (1997).[3] We granted the Commonwealth's application for further appellate review.

We must first determine whether a defendant may properly bring an ineffective assistance of counsel claim, not presented on direct appeal, when trial and appellate counsel are both attorneys employed by the Committee for Public Counsel Services. We now conclude that the defendant may bring this claim and that the defendant's trial counsel was ineffective in the constitutional sense. There must be a new trial.

1. *Claim preserved.* Under art. 12 of the Declaration of Rights of the Massachusetts Constitution, a defendant possesses the right to be represented by effective counsel, *Commonwealth* v. *Fuller*, 394 Mass. 251, 255-256 (1985), which includes the right to the full and undivided loyalty of his attorney. *Commonwealth* v. *Shraiar*, 397 Mass. 16, 20 (1985). Moreover, art. 12 entitles a defendant to unimpaired assistance of counsel free from any conflict of interest. See *Commonwealth* v. *Shraiar, supra.*

We have held that a defendant represented by the same attorney at trial and on direct appeal may seek review of trial counsel's performance, even though no ineffective assistance of counsel claim was asserted on direct appeal. *Commonwealth* v. *Lanoue*, 409 Mass. 1, 2-4 (1990). We decided that it would be "unrealistic to expect [the defendant's] first attorney to have raised a claim calling his own competence into question." *Id.* at 3-4. Similarly, we determined that it would be unrealistic for an attorney acting as appellate counsel to call into question the competency of trial counsel, where both were members of the same firm. *Breese* v. *Commonwealth*, 415 Mass. 249, 250 n.1 (1993). Because trial and appellate counsel were associates in the practice of criminal law, the second attorney thus furnished

---

[2]The issues raised during that appeal did not include ineffective assistance of counsel at trial.

[3]The Appeals Court noted without discussion that the defendant's claim had not been raised before and assumed our holding in *Breese* v. *Commonwealth*, 415 Mass. 249, 250 n.1 (1993), was applicable. See *Commonwealth* v. *Egardo*, 42 Mass. App. Ct. 41, 43 n.1 (1997).

the defendant his "first opportunity" to raise the issue of trial counsel's effectiveness. *Id.* Accordingly, we decided that a defendant would retain such a claim on appeal with a subsequent attorney. *Id.*

We see no reason, nor does the Commonwealth offer any, for distinguishing between counsel from a private firm and attorneys from the Committee for Public Counsel Services.[4] If appellate counsel and trial counsel are both employed by the Committee for Public Counsel Services, or a similar agency, a defendant may assert an ineffective assistance of counsel claim against his trial counsel which appellate counsel failed to raise on direct appeal.

2. *Ineffective assistance of counsel.* We agree with the Appeals Court that the defendant was deprived of effective assistance of counsel,[5] and proceed with the following discussion only to emphasize the proper standards to be applied in assessing such a claim.

The defendant contends that his trial counsel was ineffective because counsel (1) failed to object to testimony and closing arguments addressing the defendant's postarrest silence; (2) requested an erroneous jury instruction regarding the duress defense; and (3) neglected to present mitigating factors at the defendant's sentencing hearing.

Prior to trial, defense counsel moved in limine, seeking to prohibit the Commonwealth from "[m]aking any reference whatsoever" to the defendant's silence after receiving Miranda warnings. The judge ruled that the prosecution could question witnesses about the defendant's statements made prior to or at the time of arrest, and could not argue that the defendant's silence undermined the credibility of the defendant's anticipated testimony. At trial, the defendant presented a duress defense. Specifically, he testified that he had illegally transported cocaine only because individuals threatened to kill his wife and children if he refused. To impeach the defendant's credibility, the Com-

---

[4]We do not agree with the Commonwealth's argument that application of *Breese* v. *Commonwealth*, *supra*, to the defendant's case would afford him an "extra bite of the appellate apple." The Commonwealth's proposed application of the waiver rule in this case seemingly mixes apples with oranges. The defendant's ineffective assistance of counsel claim is unlike other issues that must be preserved on direct appeal because, by virtue of the association between trial and appellate counsel, the defendant never had a prior opportunity to present this claim.

[5]Because of this conclusion we do not reach the defendant's other claims.

monwealth questioned the arresting officer, Detective Eduardo
Dominguez, regarding the defendant's statements at the time of
arrest. During direct examination, the Commonwealth repeat-
edly asked Dominguez whether the defendant said anything to
him. Defense counsel made no objection, and Dominguez
responded that the defendant made only a few innocuous com-
ments at that time.[6] Later, on redirect examination, the Com-
monwealth again asked Dominguez about the defendant's virtual
silence on arrest.[7] Again, defense counsel failed to object.
Finally, after presenting this testimony to the jury, the Com-
monwealth argued in closing, without objection from defense
counsel:

> "When he arrives in Boston, he's caught by the detec-
> tives. And listen to the [d]efendant's choice of words,
> ladies and gentlemen: 'I'm just carrying the drugs.' Would
> you have expected something different from [the defen-

---

[6]The trial transcript reads:

THE PROSECUTOR: "At the scene . . . before [the defendant] was arrested, did
he say anything to you?"

THE WITNESS: "No."

THE PROSECUTOR: "Did he say anything further to you at all that evening?"

THE WITNESS: "No."

THE PROSECUTOR: "Did he make any mention of a bus, or a delivery?"

THE WITNESS: "He did make some mention, I believe — I believe it was at
the scene that he was making a delivery, and I do recall he told me it was
from out of state, but I don't recall, I believe it was — it might have been a
bus, but it could have been a train or a plane. I really don't — I know he told
me he was coming from out of town to make a delivery."

THE PROSECUTOR: "He said this at the scene at East Boston?"

THE WITNESS: "Correct."

THE PROSECUTOR: "Did he say anything else to you at this time?"

THE WITNESS: "Not really."

THE PROSECUTOR: "And after the booking procedure, did he make any other
statements to you?"

THE WITNESS: "Not that I recall at this time."

[7]The transcript reads:

THE PROSECUTOR: "Did he answer you . . . when you asked him who he was
taking the drugs to?"

THE WITNESS: "No."

THE PROSECUTOR: "Did he say anything to you that he was being forced to do
this?"

. THE WITNESS: "No."

dant]? Would you have expected someone under duress to have said something different?''

This explicit reference to the defendant's silence after receiving *Miranda* warnings violated his rights under both the United States and Massachusetts Constitutions. See *Doyle* v. *Ohio*, 426 U.S. 610, 616-618 (1976); *Commonwealth* v. *Haas*, 373 Mass. 545, 559 (1977), *S.C.*, 398 Mass. 806 (1986). As the Supreme Court noted in *Doyle* v. *Ohio, supra* at 617-618, ''Silence in the wake of these warnings may be nothing more than the arrestee's exercise of these *Miranda* rights. . . . [I]t would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial.''

To support an ineffective assistance of counsel claim, a defendant must establish more than mere error or mistake on the part of his counsel. Rather, a defendant must demonstrate a ''serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence.'' *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). With respect to the latter requirement, this court has stated that ''there ought to be some showing that better work might have accomplished something material for the defense.'' *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977).[8]

Frequently, a trial counsel's failure to object to the introduction of evidence or closing argument is not a material deviation from the standards expected of the ordinary, fallible lawyer. See *Commonwealth* v. *Carter*, 423 Mass. 506, 514-515 (1996); *Commonwealth* v. *Drumgold*, 423 Mass. 230, 264 (1996);. *Com-*

---

[8]In its brief, the Commonwealth claims that the proper standard of review is whether the defense counsel's errors ''created a substantial risk of a miscarriage of justice.'' For purposes of this case, however, such a standard applies only where the defendant has waived this claim by failing to bring it on direct appeal. *Commonwealth* v. *Curtis*, 417 Mass. 619, 624-625 n.4 (1994). As previously discussed in this opinion, the defendant here did not waive his ineffective assistance claim, given the close association between his trial and direct appellate counsel. To put the Commonwealth at ease, we note that the standard in *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974), ''although more detailed, seems not significantly different from the standard of a substantial risk of a miscarriage of justice.'' *Commonwealth* v. *Curtis, supra.*

monwealth v. *Leitzsey*, 421 Mass. 694, 701-702 (1996); *Commonwealth* v. *Burke*, 414 Mass. 252, 258-260 (1993); *Commonwealth* v. *Wright*, 411 Mass. 678, 681-682 (1992); *Commonwealth* v. *Reid*, 400 Mass. 534, 537 (1987). In many of these cases, however, the ineffective assistance claim failed because the evidence introduced was cumulative or not prejudicial. See *Commonwealth* v. *Carter, supra* at 515; *Commonwealth* v. *Leitzsey, supra*; *Commonwealth* v. *Reid, supra.*

In this case, no such grounds for rejecting the defendant's claim exist. As previously discussed, the Commonwealth's use of the defendant's postarrest silence against him violated one of the defendant's core constitutional protections as had been explicated more than thirteen years before by the Supreme Court and this court. Thus, there should have been an objection by defense counsel. Exacerbating the magnitude of this failure is the fact that defense counsel was aware that the Commonwealth intended such a move. Defense counsel's own pretrial motion challenging reference to the defendant's postarrest silence demonstrates that counsel not only knew of the impropriety of such a reference, but also anticipated the Commonwealth's making use of it at trial. Furthermore, the Commonwealth's repeated questions to Detective Dominguez, objectionable in their own right, should have at least hinted to defense counsel that reference to the defendant's postarrest silence was forthcoming in closing argument. Counsel's subsequent failure to object in this context places counsel's performance below that of an ordinary, fallible lawyer.

By the same token, counsel's failure to object deprived the defendant of an "otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian, supra.* At trial, the defendant relied heavily on his own testimony in presenting his duress defense. Given the weight of the Commonwealth's evidence, as a practical matter the jury had to find this testimony credible in order to return a not guilty verdict. Counsel's failure to object to the Commonwealth's attempted impeachment of the defendant's testimony, as the Appeals Court correctly noted, "struck at the heart of" the defendant's only defense. *Commonwealth* v. *Egardo*, 42 Mass. App. Ct. 41, 44 (1997). Indeed, but for this error, the jury's verdict may very well have been different. Cf. *Commonwealth* v. *Salcedo*, 405 Mass. 346, 351 (1989). See also *Commonwealth* v. *Gelpi*, 416 Mass. 729, 731 (1994) (counsel's failure to object to judge's omission regarding

intent requirement for armed robbery constituted ineffective assistance because, based on evidence, defendant lacked "intent to steal").

We note that this is not a case where a defendant seeks to use his Miranda rights as a shield to protect him from being confronted with his prior inconsistent statements. *Commonwealth* v. *Rivera*, 425 Mass. 633, 639 (1997).

Having shown ineffective assistance of counsel under the standard in *Commonwealth* v. *Saferian, supra*, the defendant is entitled to a new trial.

*Order denying motion for a new trial reversed.*