## COMMONWEALTH vs. DAVID PIKE.

No. 99-P-1667.

Barnstable. November 2, 2001. - February 13, 2002.

Present: ARMSTRONG, C.J., PERRETTA, DUFFLY, MASON, & GREEN, JJ.

*Practice, Criminal,* New trial, Assistance of counsel. *Constitutional Law,* Assistance of counsel.

Claims of a criminal defendant on motions for a new trial arising from alleged ineffective assistance of counsel at trial and incident to the defendant's waiver of his direct appeal failed to satisfy the first prong of the test set forth in *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974), where none of counsel's alleged failures fell measurably below that which might be expected of an ordinary fallible lawyer or deprived the defendant of an otherwise available, substantial ground of defense. [761]

A defendant indicted on multiple counts of assault and battery on a child under fourteen resulting in serious bodily injury and other crimes failed, on motions for a new trial, to establish that he received ineffective assistance of counsel incident to his acceptance of a plea agreement, where neither of his motions asserted that the defendant would have rejected the plea and insisted on a trial of the remaining counts, but for counsel's negative assessment of his prospects on appeal of his conviction of one of the counts, and where, absent specific allegations of detrimental reliance, an inference of prejudicial effects was not warranted. [761-764]

INDICTMENT found and returned in the Superior Court Department on January 23, 1996.

The case was tried before *Gerald F. O'Neill, Jr.,* J., and motions for a new trial, filed on September 7, 1998, and May 1, 2000, were heard by him.

*James R. Knudsen* for the defendant.

*Thomas G. Shack, III,* Special Assistant District Attorney, for the Commonwealth.

GREEN, J. Nineteen months following his conviction by a jury for reckless assault and battery of his three month old son, the defendant moved pro se for a new trial on the ground that he

had received ineffective assistance of counsel at his trial. The trial judge denied the motion, citing, among other reasons, the defendant's waiver of his direct appeal of the conviction as part of a plea agreement involving charges of abuse of a different child.[1] Thereafter, with the assistance of new counsel, the defendant filed a second motion for new trial, in which he included an additional claim that he had received ineffective assistance of counsel incident to his acceptance of the plea agreement. The same judge denied the second motion. This appeal is a consolidated appeal from the orders denying both new trial motions. We affirm the orders.

*Background.* On October 5, 1995, in response to a 911 call, an emergency team arrived at the defendant's home to find him holding his infant son, Brandon. Brandon was blue, his head was asymmetrical, and white vomitus was trickling from his nostril. The defendant told a police officer that Brandon had gasped for air while feeding, and that the baby had continued to display difficulty breathing despite the defendant's efforts to burp him. The defendant also said that Brandon previously had fallen and injured his head, at a time when the defendant and his daughter were present. Brandon was treated initially at Falmouth Hospital and then transported to Children's Hospital in Boston. A CT scan showed swelling in Brandon's brain tissue and cerebral hemorrhaging, but no skull fracture. Due to prompt response, Brandon survived his injuries.

Following an investigation, the defendant was indicted on two counts of assault and battery on a child under fourteen resulting in serious bodily injury, under G. L. c. 265, § 13J(*b*). The first count derived from the injuries to Brandon, just described. The second count derived from a series of bone fractures suffered by Brandon's sister between December 1994 (when she was one year old) and April 1995 (when she was not yet two), which the indictment alleged the defendant to have caused.

---

[1]Under the plea agreement, the defendant pleaded nolo contendere to charges of wanton and reckless bodily injury to his then two year old daughter, and of intimidating a witness in the case involving the daughter. The prosecution agreed to enter a nolle prosequi on the more serious charge of assault and battery of a child under fourteen stemming from the daughter's injuries.

The defendant proceeded to trial on the first count. At trial, the Commonwealth presented expert medical testimony to the effect that Brandon's injuries were not consistent with resuscitative efforts (as the defendant had claimed to police), and that the injuries to Brandon's head were consistent with severe shaking or blunt trauma. The defendant presented expert testimony to the effect that Brandon had aspirated before being shaken, and that there was no way to be certain how much or for how long he had been shaken. The defendant did not testify.

A jury convicted the defendant of reckless assault and battery on a child under age fourteen, causing substantial bodily injury. The defendant was sentenced to no more than seven years, and no less than five years, in the State prison. On March 2, 1998, the defendant timely filed a notice of appeal. On July 28, 1998, the defendant's trial counsel moved to withdraw and have appellate counsel appointed.

On August 13, 1998, before assignment of appellate counsel, the defendant entered into the plea agreement described above.[2] At the plea hearing, the judge conducted a thorough colloquy regarding the defendant's understanding of the charges, the defendant's satisfaction with the advice of his counsel, the defendant's understanding that he was waiving various constitutional rights to defend the charges to which he entered pleas of nolo contendere, and the defendant's understanding that he was waiving important rights by his agreement to waive his right to appeal his conviction.[3] On November 23, 1998, the defendant's direct appeal was dismissed for failure to prosecute.

On September 7, 1999, the defendant moved for a new trial, claiming he did not voluntarily waive his right to testify at trial,

[2]See note 1, *supra*. The defendant received a suspended sentence of three months, with five years probation, on the charge of witness intimidation, and a sentence of two and one-half years, to be served concurrently with his sentence for Brandon's injuries, for the charges relating to his daughter's injuries. In exchange, the defendant agreed to dismiss his direct appeal from his conviction on the charge relating to Brandon's injuries.

[3]Though, as noted above, trial counsel had withdrawn his appearance on the appeal of the conviction on count one, new appellate counsel had not yet been assigned, and trial counsel continued to represent the defendant on the remaining counts. At the plea hearing, trial counsel advised the defendant on all aspects of the plea agreement, including the agreement to waive the direct appeal of the conviction on count one.

due to trial counsel's ineffective representation. Following denial of the motion, notice of appeal, and appointment of new counsel, the defendant filed a second motion for a new trial. In his second motion, the defendant claimed additional respects in which trial counsel's representation denied him effective assistance at trial, and further claimed that he was denied effective assistance of counsel incident to his agreement to waive appeal from his conviction. The defendant supported the latter claim with an affidavit of trial counsel, stating that (in recommending the plea agreement) trial counsel advised the defendant that there were no substantial issues for appeal of his conviction on count one. As we have stated, the judge denied the second motion, and the defendant appeals from the orders denying both motions.

*Discussion.* A defendant seeking a new trial based on a claim of ineffective assistance of counsel bears the burden to establish both prongs of the familiar test articulated in *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974): (i) "whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer"; and (ii) "whether [such ineffectiveness] has likely deprived the defendant of an otherwise available, substantial ground of defence."

The defendant's claims of ineffective assistance of counsel are of two distinct varieties. First are the defendant's various claims arising from alleged failures of counsel at the trial itself.[4] The second is the defendant's contention that he received inef-

---

[4]The defendant's claims of ineffective assistance at trial ordinarily would be within the scope of issues raised or waived within his direct appeal, and therefore waived by his waiver of the appeal. See *Commonwealth* v. *Watson*, 409 Mass. 110, 112 (1991). However, since the defendant's agreement to waive his direct appeal occurred on advice of his trial counsel, the claims are not waived. See *Commonwealth* v. *Lanoue*, 409 Mass. 1, 3-4 (1990); *Commonwealth* v. *Egardo*, 426 Mass. 48, 49 (1997). The present case offers a slight departure from the *Lanoue-Egardo* paradigm, since new counsel was assigned to represent the defendant on appeal. However, that assignment did not occur until after the defendant had entered into the plea agreement under which he agreed to waive his appeal. After receiving his assignment, appellate counsel took no steps to pursue the appeal before it was dismissed because he was advised by trial counsel and the defendant that the defendant had already waived his right of appeal. We agree with the defendant's new appellate counsel that the defendant did not receive the benefit of a meaningful review

fective assistance of counsel incident to his agreement to waive his right to appeal.[5]

We need not dwell at length on the defendant's claims that he received ineffective assistance of counsel at trial. None of the examples of alleged ineffective assistance the defendant cites satisfies the first prong of the *Saferian* test. As the motion judge observed, the record simply does not support the defendant's most serious charge: that he was deprived of his right to testify on his own behalf by incorrect advice of trial counsel that evidence of prior convictions could be introduced to impeach him. Prior to trial, trial counsel moved in limine to exclude such use of the defendant's prior convictions, and the motion was allowed. Despite the defendant's self-serving affidavits submitted in support of his first new trial motion, the motion judge was justified in finding that the defendant made a knowing and voluntary waiver of his right to testify at trial, and was not misled by trial counsel to believe that his prior convictions could be introduced if he chose to testify. The defendant's other claims of ineffective assistance of counsel at trial are directed to trial counsel's failure to object to, or otherwise exclude, evidence that was either admissible or, to the extent inadmissible, harmless. None of the alleged failures cited falls "measurably below that which might be expected of an ordinary fallible lawyer" or "deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. at 96.

The defendant's claim of ineffective assistance incident to waiver of his direct appeal is based on his contention that trial counsel gave an inaccurately negative assessment of his prospects on appeal. To the extent the appeal rested on the defendant's claims of ineffective assistance at trial, the preceding discussion confirms the accuracy of trial counsel's advice.

by independent counsel of his claims of ineffective assistance of trial counsel until the new counsel undertook representation of the defendant in connection with the defendant's second motion for a new trial.

[5]Since competency of counsel affects the determination of voluntariness, a waiver of direct appeal based on incompetent advice incident to a plea agreement does not waive a defendant's right to challenge the plea agreement on grounds of ineffective assistance of counsel. Cf. *Commonwealth* v. *Cepulonis*, 9 Mass. App. Ct. 302, 304 (1980).

There remains for consideration the defendant's contention that he received ineffective assistance at the plea hearing, because his counsel failed to identify as a substantial issue for appeal the judge's refusal to give a jury instruction on necessity or, phrased alternatively, "competing harms."[6]

We are not persuaded by the defendant's contention that the trial judge should have instructed the jury on necessity. The judge did instruct the jury that the Commonwealth needed to prove that the defendant's actions were without justification or excuse, explaining that justification could be found if the defendant acted in an effort to prevent harm to the baby, and used no more force than he honestly and reasonably believed necessary to prevent such harm. Even if a necessity instruction were warranted, trial counsel's failure to assess the necessity instruction issue as a substantial issue for appeal did not constitute ineffective assistance.

Moreover, even if we assume, favorably to the defendant, that trial counsel overlooked one or more valid issues for appeal, the defendant's claim of ineffective assistance fails the second prong of the *Saferian* test.

Where a claim of ineffective assistance is directed to counsel's representation incident to a guilty plea, the second prong of the *Saferian* test requires a defendant to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill* v. *Lockhart*, 474 U.S. 52, 59 (1985). See *Commonwealth* v. *Moreau*, 30 Mass. App. Ct. 677, 682 (1991), cert. denied, 502 U.S. 1049 (1992); *Commonwealth* v. *Chetwynde*, 31 Mass. App. Ct. 8, 14-15 (1991).[7] Ordinarily, a motion for new trial predicated on ineffective assistance of counsel incident to a guilty plea is fatally deficient if the defendant does

---

[6]The defense of necessity justifies 'violation of the law under circumstances where unlawful acts are necessary to prevent far greater harm than would result from compliance with the law. See *Commonwealth* v. *Hutchins*, 410 Mass. 726, 730-731 (1991). Trial counsel requested, but was refused, a jury instruction on necessity. Since the issue was properly raised and preserved for appeal, the defendant's claim of ineffective assistance derives from his claim that trial counsel incorrectly advised him (incident to the plea agreement) that he had no substantial issues for appeal, rather than from incompetent representation at the trial itself.

[7]We draw no distinction between a guilty plea, as discussed in the cases,

not allege that he would have rejected the plea but for the incompetent advice of counsel. See *Hill* v. *Lockhart*, 474 U.S. at 60. Neither of the defendant's motions for new trial asserts that the defendant would have rejected the plea and insisted on a trial of the remaining counts, but for counsel's negative assessment of his prospects on appeal of his conviction on count one.

We have in extreme circumstances inferred prejudicial effects absent specific allegations of detrimental reliance. See, e.g., *Commonwealth* v. *Chetwynde*, 31 Mass. App. Ct. at 14-15 (counsel falsely represented to defendant that motion to suppress confession had been denied, even though no motion filed, to persuade defendant to plead guilty despite defendant's expressed desire for jury trial). However, the circumstances of the present case do not warrant such an inference. The defendant confirmed to his first appointed appellate counsel his agreement to waive his appeal, contemporaneously with entry of the plea agreement. There is no indication in the record that the defendant at any time before his new trial motions expressed a desire to stand trial on the other charges, or misgivings or doubt about waiving his appeal. There is likewise no indication in the record that the defendant placed any particular weight or importance on trial counsel's assessment of the strength of his appeal in reaching his decision to accept the plea agreement.

The defendant received a favorable disposition of the remaining charges against him, in exchange for waiver of his appeal rights on count one. Were the defendant to face a trial on all counts, his prospects would be fraught with uncertainty, as compared to the benefits of the certainty he achieved with his plea bargain. Even with the requested necessity instruction the defendant would have stood a significant likelihood of conviction at retrial, and he would have faced the possibility of conviction on the additional charges with the possibility of a harsher sentence than he received under the plea agreement.

Likewise telling is the fact that, when questioned at oral argument, the defendant's new appellate counsel could not

and a plea of nolo contendere, as entered by the defendant in the present case. See *Commonwealth* v. *Marino*, 254 Mass. 533, 535 (1926); Smith, Criminal Practice & Procedure § 1201 (2d ed. 1983).

confirm that the defendant was prepared to reopen the entirety of the charges against him as a consequence of his request for a new trial on count one.

We are not persuaded that there is a reasonable probability that the defendant would have rejected the plea, with its waiver of appeal rights, if he had believed his appeal on count one held greater promise than forecast by his trial counsel. We conclude that the defendant has not established that he received ineffective assistance of counsel warranting a new trial.

*Orders denying motions for new trial affirmed.*