COMMONWEALTH vs. GERALD WILLIAMS (No. 1).

No. 05-P-969.

Hampden. December 13, 2006. - February 21, 2007.

Present: GREENBERG, MILLS, & KATZMANN, JJ.

*Practice, Criminal,* Assistance of counsel, New trial. *Constitutional Law,* Assistance of counsel.

In the circumstances of an appeal brought by a criminal defendant who was represented at trial by counsel from the Committee for Public Counsel Services (CPCS), and by another CPCS attorney for purposes of a motion for new trial, but whose appellate counsel was unaffiliated with the two, the defendant did not waive his claim for ineffective assistance of trial counsel by failing to raise it in his motion for a new trial, where he was deprived of the benefit of a meaningful review by independent counsel of his claims of ineffective assistance by virtue of CPCS representation both at trial and on the motion for a new trial, and the case warranted further fact finding to determine whether the defendant was entitled to a new trial. [288-291]

INDICTMENTS found and returned in the Superior Court Department on May 7, 2003.

A pretrial motion to suppress evidence was heard by *Judd J. Carhart,* J.; the cases were tried before *C. Brian McDonald,* J., and a motion for a new trial, filed on November 29, 2005, was heard by him.

*Anne E. O'Reilly* for the defendant.

*Thomas H. Townsend,* Assistant District Attorney, for the Commonwealth.

KATZMANN, J. The defendant, Gerald Williams, was convicted after a jury trial in Superior Court of unlawful possession of ammunition without an identification card, G. L. c. 269, § 10(*h*), and unlawful possession of a firearm, G. L. c. 269, § 10(*a*). He was also convicted after a subsequent offender, jury-waived, trial. New counsel then filed a motion for new trial. The motion

was based solely on the judge's denial of a pretrial motion to suppress and did not advance ineffective assistance of counsel. The judge denied the motion for a new trial.[1]

On direct appeal, the defendant is now represented by new counsel unaffiliated with either trial counsel or counsel who filed the motion for a new trial, and for the first time argues that his trial counsel's failure to challenge a juror for cause or to exercise a peremptory challenge after that juror was seated amounts to ineffective assistance of counsel. In addition to his claim that trial counsel failed to challenge a racially biased and severely hearing impaired juror, the defendant also claims that trial counsel failed to offer a defense at trial, failed to argue the motion for a required finding of not guilty, and arrived late for court proceedings. We now consider the question whether the defendant, having not advanced ineffective assistance as a ground for a new trial in the one motion that his previous counsel did file, has waived the issue on this direct appeal. Under the circumstances here, we hold that he has not waived the claim.[2]

Our review poses the intersection of two principles. First, reflecting the fact-intensive nature of the inquiry, our courts have long ruled that, as a general matter, in order to preserve and advance for appellate review a claim of ineffective assistance of counsel, a defendant should in the first instance file "a motion for a new trial accompanied by affidavits, with the potential for an evidentiary hearing and findings, . . . [to] permit[] us intelligently to measure defense counsel's performance under the standard of *Commonwealth* v. *Saferian*, 366 Mass. 89 (1974), and its progeny. . . . Where the record does not offer a sufficiently full portrayal of the various issues neces-

---

[1]In his motion for new trial, the defendant sought reconsideration of the motion to suppress on the ground that the arresting officers did not have the authority to stop his vehicle. The judge denied the motion and ruled that the defendant waived the argument by not raising it in the motion to suppress, and that the officers had authority to stop the vehicle. For the reasons more fully set out in the companion memorandum and order issued this day pursuant to rule 1:28, see note 2, *infra*, the motion for a new trial was appropriately denied insofar as it sought reconsideration of the motion to suppress.

[2]The defendant raises numerous other arguments that we consider in a memorandum and order pursuant to rule 1:28 also issued this day. *Commonwealth* v. *Williams (No. 2), post* 1108 (2007).

sarily subsumed in such an analysis, a defendant's claim of ineffective representation must be rejected." *Commonwealth* v. *McCormick*, 48 Mass. App. Ct. 106, 107-108 (1999).[3] See *Commonwealth* v. *Zinser*, 446 Mass. 807, 810-811 (2006).

The second principle is that "[u]nder art. 12 of the Declaration of Rights of the Massachusetts Constitution, a defendant possesses the right to be represented by effective counsel, *Commonwealth* v. *Fuller*, 394 Mass. 251, 255-256 (1985), which includes the right to the full and undivided loyalty of his attorney. *Commonwealth* v. *Shraiar*, 397 Mass. 16, 20 (1986). Moreover, art. 12 entitles a defendant to unimpaired assistance of counsel free from any conflict of interest. See *Commonwealth* v. *Shraiar, supra.*" *Commonwealth* v. *Egardo*, 426 Mass. 48, 49 (1997).

Our courts have had occasion to consider the intersection of these two principles. Recognizing that "[i]t would be unrealistic to expect [the defendant's] first attorney to have raised a claim calling his own competence into question," *Commonwealth* v. *Lanoue*, 409 Mass. 1, 3-4 (1990), the court has ruled that a defendant should not be penalized and held to have waived his right to press the ineffective assistance claim because of the default of that attorney. This reconciliation of the principles has governed a number of circumstances. Thus, in *Commonwealth* v. *Lanoue, supra* at 4, the court held that a defendant represented by the same attorney at trial and on direct appeal retained the right to seek review of his trial counsel's work, even though counsel had not asserted an ineffective assistance claim on direct appeal. See *Haberek* v. *Commonwealth*, 421 Mass. 1005, 1005-1006 (1995); *Commonwealth* v. *Azar*, 435 Mass. 675, 686 (2002). In *Commonwealth* v. *Egardo*, 426 Mass. at 49-50, the

---

[3]In order to prevail on his claim of ineffective assistance of counsel, the defendant must demonstrate that "there has been serious incompetency, inefficiency, or inattention of counsel . . . falling measurably below that which might be expected from an ordinary fallible lawyer" and that the attorney's behavior "likely deprived [him] of an otherwise available, substantial ground of defence." *Commonwealth* v. *Nwachukwu*, 65 Mass. App. Ct. 112, 116 (2005), quoting from *Commonwealth* v. *Saferian*, 366 Mass. at 96. In addition, where, as here, the defendant challenges trial counsel's strategic decisions, he must demonstrate that they were " 'manifestly unreasonable' when made." *Commonwealth* v. *Ortega*, 441 Mass. 170, 175 (2004), quoting from *Commonwealth* v. *Rondeau*, 378 Mass. 408, 413 (1979).

court held that the defendant retained an ineffective assistance of counsel claim not raised on direct appeal because he was represented by counsel from the same organization, Committee for Public Counsel Services (CPCS), at trial and on appeal. Accordingly, the defendant was permitted to file a subsequent motion for a new trial to allow consideration of the ineffective assistance of counsel claim. *Ibid.* See *Breese* v. *Commonwealth,* 415 Mass. 249, 250 n.1 (1993).

We are thus presented here with a variation on a familiar theme. Although the factual circumstances in this case are different — counsel from CPCS for the trial and different counsel from CPCS on the motion for new trial, with the ineffective assistance of counsel claim raised on direct appeal by a new attorney who was not affiliated with either prior counsel — the force of the reasoning of *Lanoue* and its progeny is no less compelling. Because the defendant was represented by counsel for CPCS both at trial and on the motion for new trial — and thus was deprived of "the benefit of a meaningful review by independent counsel of his claims of ineffective assistance of trial counsel," *Commonwealth* v. *Pike,* 53 Mass. App. Ct. 757, 760 n.4 (2002) — his claim was not waived despite the fact that it was only raised for the first time on direct appeal.[4]

Notwithstanding the apparent shortcomings of trial counsel asserted in this appeal, we are unable to conclude from the record before us that the defendant is entitled to a new trial. The shortcomings remain only apparent at this point, and further fact finding is required to determine whether trial counsel's management of the case was the result of deliberate practical choices not "manifestly unreasonable." See *Commonwealth* v. *Adams,* 374 Mass. 722, 728 (1978). Such fact finding should provide sufficient information upon which to base a reasoned decision whether counsel's performance was "measurably below

___

[4]We note that here, new appellate counsel should have filed a motion for new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), raising the ineffective assistance claims, and sought a stay by a single justice of this court of appellate proceedings, pending the resolution of that new trial motion. See *Commonwealth* v. *Adkinson,* 442 Mass. 410, 421-422 (2004); *Commonwealth* v. *Montgomery,* 53 Mass. App. Ct. 350, 353 (2001); Smith, Criminal Practice & Procedure § 2063 (2d ed. 1983 & Supp. 2006).

that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian*, 366 Mass. at 96.

For the above-stated reasons and the reasons stated in the companion memorandum and order issued this day pursuant to rule 1:28, see *Commonwealth* v. *Williams (No. 2)*, *post* 1108 (2007), the order denying the motion for a new trial is affirmed, and the matter is remanded for further fact finding consistent with this opinion and *Commonwealth* v. *Williams (No. 2)*, *supra*. This court shall retain jurisdiction pending filing of the findings.

*So ordered.*