The defendant was convicted in 2013 of (i) assault with intent to rape, pursuant to G. L. c. 265, § 24, (ii) indecent assault and battery on a person age fourteen or over, pursuant to G. L. c. 265, § 13H, and (iii) assault and battery, pursuant to G. L. c. 265, § 13A (a ), stemming from a sexual assault that occurred in the early morning hours in September, 2002, on Nantucket. On his direct appeal from the judgments, we affirmed in an unpublished decision pursuant to our rule 1:28. See Commonwealth v. Morris, 87 Mass. App. Ct. 1116 (2015). The defendant now appeals from an order denying, without an evidentiary hearing, his motion for new trial in which he argued that trial counsel was ineffective by (a) not moving to suppress the showup identifications by the victim and a witness on the ground that social science research, available at the time of the defendant's trial, shows that some aspects of the showup may call into question the reliability of the identifications, and (b) not calling an expert witness on eyewitness identification. We affirm.[2]
Discussion. "We review the judge's denial of the motion for a new trial for 'a significant error of law or other abuse of discretion.' " Commonwealth v. Forte, 469 Mass. 469, 488 (2014), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986). "Where, as here, the motion judge was not the trial judge and the motion judge did not make credibility determinations arising from an evidentiary hearing, we consider ourselves in as good a position as the motion judge to review the trial record." Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015), quoting Commonwealth v. Sullivan, 469 Mass. 340, 351 (2014). In considering the defendant's claim that trial counsel was constitutionally ineffective, we apply the familiar two-part test: (1) whether the defendant has demonstrated "serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer"; and (2) whether counsel's poor performance "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
1. Motion to suppress showup identifications. Where, as here, a motion to suppress the showup identifications was not reasonably likely to succeed, trial counsel's failure to file the motion was not "manifestly unreasonable." Commonwealth v. White, 409 Mass. 266, 273 (1991). See Commonwealth v. Comita, 441 Mass. 86, 87 (2004). While a one-on-one showup identification is disfavored because it is inherently suggestive, "there is generally 'good reason' where the showup identification occurs within a few hours of the crime, because it is important to learn whether the police have captured the perpetrator or whether the perpetrator is still at large, and because a prompt identification is more likely to be accurate when the witness's recollection of the event is still fresh." Commonwealth v. Crayton, 470 Mass. 228, 235-236 (2014). Here, the identifications were conducted within a few hours of a violent sexual assault by an assailant claiming to be armed; the defendant matched the description of the assailant, including the specific description that that assailant had facial scarring; the defendant's vehicle matched the description of the assailant's vehicle, including the specific description of the license plate given by the victim; and officers located the defendant along with his vehicle parked in front of his home, which was located within a few miles of the attack. Under these circumstances, a motion to suppress would not likely have succeeded. See, e.g., Commonwealth v. Meas, 467 Mass. 434, 441 (2014). The defendant's social science based arguments regarding the factors that may affect the reliability of the identifications go to the weight to be afforded to them and would not have been a reasonably likely basis for a successful motion to suppress. See Commonwealth v. Gomes, 470 Mass. 352, 370-378 (2015). Indeed, the defendant cites to no case where, as here, exigent circumstances existed for a showup identification, yet the identification was nonetheless suppressed. Cf. Commonwealth v. Figueroa, 468 Mass. 204, 217-218 (2014). Accordingly, he has failed to show the motion was likely to succeed.
2. Expert witness on eyewitness identification. The defendant's argument that trial counsel was ineffective for her failure to call an eyewitness identification expert fares no better. Although the relevant research regarding eyewitness identification existed at the time of trial, it was far from ordinary for such material to be incorporated into a defense strategy prior to the Supreme Judicial Court's decision in Gomes, as the court recognized. 470 Mass. at 366. Moreover, whether such an expert would have been allowed to testify was subject to the discretion of the trial judge.[3] See Commonwealth v. Watson, 455 Mass. 246, 257 (2009). Thus, the defendant has not shown that trial counsel's failure to call such an expert fell below the conduct expected of the ordinary fallible lawyer at the time of the defendant's trial. See Commonwealth v. Clarke, 44 Mass. App. Ct. 502, 512 (1998).
The defendant maintains that our review is governed by Commonwealth v. Epps, 474 Mass. 743 (2016), in which the Supreme Judicial Court held that, in the context of new scientific evidence, the court need not parse out whether the unavailability of a defense at the time of trial was because of "counsel's performance alone, or the inability to make use of relevant new research findings alone, or the confluence of the two," id. at 767, and instead the court should focus on the question whether there was a substantial risk of a miscarriage of justice due to the unavailability of such scientific research at the time of trial. See id. at 766-768. Assuming arguendo this standard governs our review (a dubious proposition given that the defense of misidentification was the defense presented at the trial through cross-examination of the eyewitnesses and, as the defendant concedes, the eyewitness research was not new but instead was available to trial counsel at the time of trial), there was no such risk.
Within a few hours of the sexual assault, police located the assailant's vehicle (registered to the defendant) near the location of the attack and in front of the defendant's residence. The vehicle and its license plate both matched the specific description provided by the victim. The description of the assailant provided by the victim and the witness (each of whom had an opportunity to see the assailant for several minutes while he drove them prior to the attack) matched the defendant, including that the assailant was black, Jamaican, and had significant and unique facial scarring. While some of these factors also pointed to a third-party culprit, whom the defendant stated had borrowed his vehicle and posited was the assailant, that individual lacked the unique facial scarring of the assailant. Moreover, that individual testified that he was not on Nantucket in 2002. Finally, there was evidence of the defendant's consciousness of guilt -- namely, that the defendant fled from Nantucket soon after his arraignment and did not return for a number of years thereafter. See Commonwealth v. Figueroa, 451 Mass. 566, 579-580 (2008), quoting Commonwealth v. Carita, 356 Mass. 132, 140 (1969). On this record, the motion judge did not abuse his discretion by denying the defendant's motion without an evidentiary hearing. See Commonwealth v. Goodreau, 442 Mass. 341, 348-349 (2004) ; Commonwealth v. DeVincent, 421 Mass. 64. 68 (1995).
Order denying motion for new trial affirmed.

The defendant also contends his appellate counsel was ineffective for failing to raise these arguments on his direct appeal. For the reasons set forth herein, we disagree. See Breese v. Commonwealth, 415 Mass. 249, 256 (1993) ("Appellate counsel [is] not ineffective for choosing to forgo a meritless argument").

In any event, any such expert testimony would be offered to impeach the witnesses, which is not generally a basis for an ineffectiveness claim. See Commonwealth v. Fisher, 433 Mass. 340, 357 (2001), citing Commonwealth v. Bart B., 424 Mass. 911, 916 (1997).