COMMONWEALTH vs. WILLIAM H. PERO.

Middlesex.  May 3, 1988. — June 7, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Controlled Substances. Conspiracy. Collateral Estoppel. Evidence*, Relevancy and materiality.

There was no merit to a criminal defendant's contention that his prosecution on an indictment for conspiracy to traffic in cocaine was barred by a previous jury's verdict of not guilty on an indictment, arising from the same circumstances, charging possession of cocaine with intent to distribute, inasmuch as the conspiracy indictment required proof of an agreement to traffic in cocaine, and such an agreement does not require possession of the substance at the time the agreement is made. [477-479]

At the trial of indictments for conspiracy to distribute marihuana and conspiracy to traffic in cocaine there was sufficient evidence to warrant the denial of the defendant's motions for required findings of not guilty. [479-480]

There was no error at a criminal trial in the admission of certain notes as out-of-court statements of the defendant, or in the admission of certain photographs in which the defendant and his coconspirators in the defendant's house appeared substantially the same as on the date of the defendant's arrest. [480-481]

At the trial of indictments charging possession of cocaine and other controlled substances there was no error in the judge's instruction that a person violates the law if he possesses a controlled substance without a valid prescription. [481]

INDICTMENTS found and returned in the Superior Court Department on December 27, 1983.

The indictments charging possession of controlled substances were tried before *Elizabeth J. Dolan*, J., and the indictments charging conspiracy were tried before *Walter E. Steele*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Arlene Beth Marcus* for the defendant.

*Catherine E. Sullivan,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. The defendant was indicted for conspiracy to traffic in cocaine, conspiracy to distribute marihuana, possession with intent to distribute cocaine, and possession of various controlled substances ranging from Class B to Class E. Following a trial on all indictments except those charging conspiracy, the defendant was found guilty of possession of cocaine and other controlled substances, including marihuana, and not guilty of possession with intent to distribute cocaine and not guilty on the remaining counts charging possession of the other controlled substances.

Approximately two months following the entry of these verdicts, the defendant was tried and found guilty on both indictments for conspiracy to traffic in cocaine and conspiracy to distribute marihuana.

The defendant argues on appeal that: (1) collateral estoppel barred the prosecution of the indictments for conspiracy; (2) there was insufficient evidence to find the defendant guilty of conspiracy; (3) the judge at the conspiracy trial erred in denying certain motions to strike evidence, and (4) the judge at the earlier trial erred in her instructions to the jury. We affirm the judgments of conviction.

1. *Collateral estoppel.* The defendant argues that the prosecution of the indictment for conspiracy to traffic in cocaine was barred by the previous jury's verdict of not guilty on the indictment charging possession of cocaine with intent to distribute.

The doctrine of collateral estoppel has been expressed as follows: "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe* v. *Swenson,* 397 U.S. 436, 443 (1970). See *Commonwealth* v. *Benson,* 389 Mass. 473, 478, cert. denied, 464 U.S. 915 (1983), and cases cited. The defendant argues that the initial jury decided by their verdict of not guilty that the defendant did not possess cocaine with intent to distribute and that therefore the issue cannot be relitigated. If the relitigation of the

issue of possession with intent to distribute is barred (as it is), the defendant argues that the conspiracy prosecution is barred because such possession with intent to distribute is an essential element of the crime of conspiracy.

The weakness of this argument is in its conclusion that the necessary element of intent to distribute in the trial of the indictment charging possession with intent to distribute cocaine is the same as the agreement to traffic in cocaine in the conspiracy trial. The issues are not the same. See *Commonwealth* v. *Benson*, *supra* at 480-482.

To sustain its burden on the indictment charging possession with intent to distribute, the Commonwealth was required to prove that on November 9, 1983, the defendant "did knowingly or intentionally distribute, dispense or possess with the intent to distribute or dispense . . . Cocaine." However, the Commonwealth's burden of proof in the conspiracy case required proof that "on or about the Ninth day of November[, 1983,] [the defendant] did conspire with Glenn Michael Connor and Chester L. Young to traffic in Cocaine by knowingly or intentionally distributing, dispensing or possessing with the intent to distribute or dispense or by bringing into the Commonwealth a net weight of 28 or more grams of cocaine or any mixture thereof . . . ."

An examination of the evidence is important. The jury in the trial of the indictment charging possession with intent to distribute cocaine could have found that the defendant possessed twenty-eight or more grams of cocaine in his bedroom on November 9, 1983. They might have found that he intended to use this quantity only for his personal gratification, while "on or about that date" he might have agreed to traffic in this quantity. The distinction is crucial.

The heart of a conspiracy is the formation of the unlawful agreement or combination. *Attorney Gen.* v. *Tufts*, 239 Mass. 458, 493-494 (1921). The law of the Commonwealth does not require an overt act to complete a conspiracy. *Commonwealth* v. *Harris*, 232 Mass. 588, 591 (1919). The jury's general verdict in finding the defendant not guilty of possession with intent to distribute on November 9, 1983, does not settle the

question whether the defendant entered an agreement with the coconspirators on or about November 9, 1983, "to traffic in Cocaine."

Furthermore, the jury that returned a verdict of not guilty on the indictment charging possession of cocaine with intent to distribute might have concluded that, as to most of the white powder found, there was a reasonable doubt as to whether it was cocaine. This conclusion would represent acceptance by the jury of the defendant's argument as to reasonable doubt concerning errors in the certificate of analysis. This conclusion would have no bearing on the proof of conspiracy because, as noted earlier, the essence of the conspiracy is the *agreement* to traffic in cocaine and such agreement does not require possession of cocaine at the time of the agreement.

2. *Legal sufficiency of evidence of conspiracy.* At the close of the Commonwealth's case, the defendant filed a motion for required findings of not guilty as to both conspiracies (cocaine and marihuana). Both motions were denied.

In reviewing the denial of a motion for required finding of not guilty, we view the evidence in the light most favorable to the Commonwealth to determine whether there was evidence to permit a rational jury to find all elements of the crime beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979), and cases cited.

In the present case, the Commonwealth was required to introduce evidence tending to show that the defendant made an agreement with others to traffic in cocaine and marihuana.

In this direction, the jury could have found that, in a trash bag discovered by the police in front of the defendant's house, there was correspondence addressed to the defendant and to his roommate, G. Michael Connor,[1] and handwritten notes between the defendant and Connor concerning the cutting of cocaine and directions for distribution. In one letter addressed to Connor, found on Connor's dresser, the defendant set forth minute details as to a distribution scheme for fifty-six grams

---

[1] A coconspirator named in the indictments.

(two ounces) of cocaine,[2] noting payments to be made by named individuals, credit arrangements with others, amounts to be distributed to "Chet,"[3] "Bobby," "Ed," "Wayne," "Jim," and "Lauren."

In this letter from the defendant, Mike was instructed to ask Chet to break down one of the ounces for two of their customers. There were also references in this letter to the distribution of three ounces of "smoke" (marihuana) with a price schedule. A search of Young's residence, pursuant to a warrant, revealed two bottles and two sifters containing cocaine residue, a book about cocaine processing, and a scale.

Young and Connor were identified in photographs found in the defendant's bedroom. Young was portrayed sitting at the defendant's kitchen table with two other people holding a razor blade above a mirror on which there were four or five lines of a white powder resembling cocaine. The paraphernalia seized at Young's residence serves further to satisfy the Commonwealth's burden of proof in a prosecution of a conspiracy to traffic. From this and other evidence, the jury could infer the agreement to traffic.

3. *Rulings on Evidence.*

a. The defendant argues error in the judge's refusal to strike notes from "Bill" (the defendant) to Connor ("Mike") found in a trash bag and on the dressers in the defendant's house. They were originally admitted de bene and then cleared for admissibility when the defendant moved to strike. The notes were admitted as out-of-court statements of the defendant. The jury could infer that the long note from Bill to Mike found on Connor's dresser was written by the defendant.

The notes were admitted with a backdrop of association by the defendant with Connor, the defendant's roommate, and with Young. Photographs showing the conspirators together in the kitchen of the defendant's house with a substance which

---

[2] To constitute the substantive offense of trafficking in cocaine, the Commonwealth must prove that the defendant dealt in quantity of at least twenty-eight grams. General Laws c. 94C, § 32E (b) (1) (1986 ed.).

[3] "Chet" refers to Chester L. Young, a coconspirator named in one indictment.

appears to be cocaine and a razor to cut the cocaine buttress the Commonwealth's case of conspiracy.

b. The defendant claims error in the admission of photographs depicting the defendant and the coconspirators in the defendant's house cutting and packaging what appears to be cocaine. He attacks the admissibility on the ground that it was not shown that the depiction related in time to the period of the conspiracy. This argument fails because we have held as relevant that evidence which relates to the entire history of a conspiracy though the specific evidence predates the conspiracy. See *Commonwealth* v. *Borans*, 379 Mass. 117, 146-147 (1979). It has been said that the date of the conspiracy alleged in an indictment is not a wall behind which a court may never look for the purpose of discovering facts about the conspiracy itself. *Commonwealth* v. *Beal*, 314 Mass. 210, 227 (1943). In this instance, the defendant and his house appeared in the photograph substantially the same as on the date of his arrest.

4. *The judge's charge.* The defendant complains of error in the judge's instruction to the jury at the trial of the indictments for possession of certain controlled substances. The judge simply recited that a person violates the law if he possesses a controlled substance without a valid prescription. There was no objection. There was no error. If a defendant relies on a prescription as a defense or justification, G. L. c. 277, § 38 (1986 ed.), he must produce it. The judge did not shift the Commonwealth's burden but insisted that the Commonwealth must prove knowing and intentional possession.

*Judgments affirmed.*