COMMONWEALTH *vs*. JULIO SALCEDO.

Suffolk.   May 1, 1989. — July 10, 1989.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal*, Sequestration of witnesses, Presence of police witness at prosecutor's table, Instructions to jury, Assistance of counsel, Presumptions and burden of proof. *Evidence*, Qualification of expert witness. *Controlled Substances*. *Constitutional Law*, Assistance of counsel.

On an appeal from criminal convictions no substantial risk of a miscarriage of justice was shown by reason of the Commonwealth's alleged improper endorsement of the credibility of a police officer by seating him, with the judge's permission, at counsel table with the assistant district attorney, where the record did not indicate that officer had testified at trial as a witness, and where all three investigating police officers had testified to the same facts. [347-348]

At the trial of indictments for trafficking in cocaine no substantial risk of a miscarriage of justice was created by the judge's instructions to the jury on the element of possession of a controlled substance. [349-350]

At a criminal trial, the opinion testimony of a police officer who was not explicitly qualified as an expert was merely cumulative of the essentially similar opinion testimony of another police officer who had been so qualified, and the failure to have qualified the first officer as an expert, if error, was harmless. [350]

A criminal defendant failed to demonstrate that he was denied his right to effective assistance of counsel at his trial. [350-351]

INDICTMENTS found and returned in the Superior Court Department on February 19, 1986.

The cases were tried before *John J. Irwin, Jr.*, J. and a motion for a new trial was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Elliot M. Weinstein* for the defendants.

*Lauren Inker*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. After a jury trial in the Superior Court, the defendant, Julio Salcedo, was convicted on two indictments, one

charging trafficking in cocaine in violation of G. L. c. 94C, § 32E (1986 ed.), and the other charging unlawful possession of a firearm, G. L. c. 140, § 129C (1986 ed.). The defendant appealed and we transferred the case here on our own motion.

The defendant argues on appeal that (1) he was not afforded a fair trial because an investigating officer who testified for the Commonwealth was allowed to sit at counsel table; (2) the trial judge made a comment which conveyed to the jury that the defendant was guilty, creating a substantial likelihood of a miscarriage of justice; (3) the judge erred by admitting the opinion testimony of two police officers, not properly qualified as experts, as to the intent to sell cocaine; (4) the defendant was denied effective assistance of counsel, and (5) the judge improperly denied the defendant's motion for a new trial. After review of each of the defendant's arguments, we affirm the convictions.

The facts relevant to the defendant's appeals are that, after surveillance of the apartment building where the defendant lived, the police obtained and executed a search warrant for the defendant's apartment on December 27, 1985. The police found and seized a white powder, later identified as cocaine, paraphernalia which could be used for packaging cocaine (a scale, strainers, lactose, cards, and plastic bags), a loaded revolver (found in a bureau drawer in the only bedroom in the apartment which had clothes in it), and a passport, rent receipts, and a utility bill bearing the defendant's name. The police also found approximately $21,000 in a locked metal box and between towels in a bureau drawer. The defendant testified and denied possession of the gun, cocaine, and paraphernalia. He said that the seized moneys belonged to him as the proceeds of an accident settlement. The defendant also testified that he shared the apartment with a man named Renee.

1. *The presence of an investigating officer at the prosecutor's table.* The defendant acknowledges that, since the errors and issues raised on appeal were not objected to or raised during trial, our review is limited to whether a substantial risk of a miscarriage of justice occurred. See *Commonwealth* v. *De-Wolfe*, 389 Mass. 120, 123-124 (1983); *Commonwealth* v.

*Freeman*, 352 Mass. 556, 563-564 (1967). He contends that, since an investigating police officer was permitted to sit at counsel table with the assistant district attorney, the Commonwealth improperly was allowed to endorse a prosecution witness. The defendant argues that the credibility of testimony was critical to the case,[1] so that the resulting prejudice to him from the error created a substantial likelihood of a miscarriage of justice.

Although at the outset of the trial the judge indicated to the jury that a police investigator would be seated next to the assistant district attorney, the record does not confirm that that officer was in fact one of the Commonwealth's three police witnesses. While we have recognized the essential role that an investigating officer often plays in the prosecution of a case, see, e.g., *Commonwealth* v. *Therrien*, 359 Mass. 500, 508 (1971), we have also noted the general undesirability of having a key prosecution witness sit at counsel table. *Commonwealth* v. *Perez*, *ante* 339, 342 n.4 (1989). Where all three police officers testified to the facts surrounding their search of the apartment and seizure of the cocaine, paraphernalia, and gun, and where the record does not indicate whether the officer seated at counsel table was in fact one of the officers who testified, we cannot say that the officer's presence at the prosecutor's table created a substantial likelihood of a miscarriage of justice. Compare *id.* at 343 (no substantial risk of a miscarriage of justice occurred when police officer who testified sat at counsel table, where judge exempted officer from sequestration and questioned venire regarding whether fact that witness was police officer would influence their assessment of witness's credibility).

---

[1] The defendant did not deny his tenancy of or presence in the apartment or the presence of items seized. Rather, his sole defense was that the cocaine, gun, and paraphernalia belonged to "Renee" who shared the defendant's apartment for about one month, and that the defendant had never seen any of the items seized. Police officers testified to finding the defendant in the apartment which he rented, where the items were in plain view, and to finding no evidence that another person lived in the apartment. In closing argument, the prosecutor questioned whether the defendant's story "make[s] sense," and "if in fact there ever was a Renee," who shared the apartment.

2. *The trial judge's remark.* In his instructions to the jury, the judge explained the legal definition of a controlled substance. In the course of explaining that people are not allowed to possess cocaine except in limited, medical circumstances, the judge instructed that the Commonwealth had to prove that the defendant's possession was knowing and unlawful. He then said: "And, again, it is not lawful for you or for me or for the defendant in this case to possess cocaine." The defendant did not object to this instruction, but now argues that the remark was an improper comment on the evidence, serving to direct the jury to return a verdict of guilty. We disagree.

We consider this instruction in the context of the entire charge to determine whether it created a substantial likelihood of a miscarriage of justice. *Commonwealth* v. *Silva*, 401 Mass. 318, 329-330 (1987). The judge properly instructed the jury concerning the elements of trafficking in cocaine and emphasized that the Commonwealth had to prove each element of the indictment.[2] He correctly instructed the jury on the

---

[2] The relevant portions of the judge's charge are as follows:

"So the government has to prove that this defendant possessed, either actually or constructively, cocaine.

"What is cocaine? Cocaine is a product or a derivative of coca leaves that is under Massachusetts law what is described as a controlled substance. A controlled substance, ladies and gentlemen, means simply that we do not allow people, except in very limited exceptions, to possess cocaine.

"You and I cannot possess cocaine legally. Doctors may under certain circumstances. Hospitals may under certain circumstances. But you and I cannot.

"So the government has to prove that this man possessed cocaine. [The government has] to prove, ladies and gentlemen, that the possession of cocaine was knowing and unlawful. And, again, unlawful means that he had no authority to possess it. And, again, it is not lawful for you or for me or for the defendant in this case to possess cocaine.

"The government has to prove that the possession of that was intentional, that is he knew about it and intended to possess it. Not that it was there accidentally or incidentally and that he was unaware of it. The government has to prove beyond a reasonable doubt that he knew it and possessed it either actually or constructively with an intent to possess it either exclusively or jointly with others.

". . . .

"And [the government has to] prove that he possessed it unlawfuly, knowingly and intentionally and that he possessed it with the intent to distribute it."

Commonwealth's burden of proof. In that context, the issue whether the defendant possessed cocaine was properly left to the jury. The instruction correctly informed the jury that, on the evidence, the defendant had no right lawfully to possess cocaine. See *Commonwealth* v. *Pero*, 402 Mass. 476, 481 (1988) (defendant who relies on prescription as a defense or justification must produce it). See G. L. c. 277, § 38 (1986 ed.).

3. *Expert testimony.* The defendant contends that, by permitting two police officers — one explicitly qualified as an expert and one not — to testify that, in their opinion, the quantity of cocaine seized indicated an intent to sell,[3] the judge committed reversible error. Defense counsel objected to neither officer's credentials, although only the second officer was explicitly qualified as an expert by the court. It is evident from the transcript that the judge believed the first officer was qualified, and his allowing the testimony implies he made that finding. See *Commonwealth* v. *Boyd*, 367 Mass. 169, 183 (1975). In any case, the testimony of the two officers was essentially the same; the testimony of the officer not explicitly qualified, therefore, was merely cumulative. In such circumstances failure explicitly to qualify the first officer as an expert could be no more than harmless error.

4. *Ineffective assistance of counsel.* The defendant contends that, in light of the preceding alleged errors and the failure of defense counsel to object or otherwise preserve issues for appeal, the defendant was thereby denied his right to effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Where ineffective assistance of counsel is alleged, we look to see if there was "*serious* incompetency, inefficiency, or inattention of counsel" and, if so, whether it "likely deprived the defendant of an otherwise available, *substantial* ground of defence" (emphasis added). *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). The Commonwealth produced overwhelming evidence of guilt, and

---

[3] We note that, while the indictment was for possession of over twenty-eight grams of cocaine, there was police testimony that an amount in excess of 120 grams was seized from the defendant's apartment.

the defendant has failed to show any likelihood that, but for trial counsel's errors, the verdict would have been different, *Commonwealth* v. *Florentino*, 396 Mass. 689, 690 (1986), citing *Strickland* v. *Washington*, 466 U.S. 668, 694 (1984), or that better work by defense counsel "might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977).

. 5. *Denial of the motion for a new trial.* The defendant's one-sentence paragraph alleging error in the judge's denial of his motion for a new trial does not rise to the level of appellate argument, as required by Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

*Judgments affirmed.*

*Order denying motion for a new trial affirmed.*