COMMONWEALTH *vs.* EVERETTE L. GOLLMAN.

Berkshire. December 5, 2001. - February 20, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Evidence,* Prior misconduct, Intent, State of mind, Relevancy and materiality, Opinion. *Intent. Controlled Substances.*

At the trial of indictments charging possession with intent to distribute cocaine and related crimes, the judge properly admitted evidence of the defendant's prior bad acts, where the judge's determination that prior bad act evidence pertained to the defendant's intent, had similarities with the crime charged to be meaningfully distinctive, shared proximity of time and place with the crime charged, and that the probative value of the prior bad act evidence outweighed its prejudicial effect was within the sound discretion of the trial judge. [113-115]

At the trial of indictments charging possession with intent to distribute cocaine and related crimes, a police officer, accepted by the judge as an expert, was properly allowed to testify that drugs possessed by the defendant were not consistent with personal use. [115-116]

At the trial of indictments charging possession with intent to distribute cocaine and related crimes and with committing the offense within 1,000 feet of a school, the evidence was sufficient to permit guilty findings on the crimes charged. [116-117]

INDICTMENTS found and returned in the Superior Court Department on March 19, 1998.

The cases were heard by *Robert A. Barton*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Joseph A. Pieropan*, Assistant District Attorney, for the Commonwealth.

*J. Whitfield Larrabee* for the defendant.

IRELAND, J. After a jury-waived trial, the defendant was found guilty of possession with intent to distribute cocaine, in violation of G. L. c. 94C, § 32A (*c*), and of committing this offense within 1,000 feet of a school, in violation of G. L. c. 94C, § 32J. On appeal, the Appeals Court reversed with respect to

that part of the indictment charging intent to distribute cocaine and intent to distribute cocaine in a school zone, set aside the guilty verdicts, and entered judgment for the defendant on the ground that the trial judge erred in admitting evidence of the defendant's prior misconduct. The Appeals Court remanded the case to the Superior Court for resentencing on the lesser included offense of possession of cocaine. *Commonwealth* v. *Gollman*, 51 Mass. App. Ct. 839, 849 (2001). We granted the Commonwealth's application for further appellate review. The Commonwealth argues that the judge did not err in (1) admitting evidence of the defendant's prior drug distribution or (2) admitting the testimony of a police officer who opined that the amount of cocaine possessed by the defendant was consistent with an intent to distribute; and as a result, there was sufficient evidence to support the judge's finding that the defendant intended to distribute cocaine within 1,000 feet of a school. Because we conclude that the evidence of the defendant's prior misconduct was sufficiently related to the charged offenses, as it was evidence of the defendant's intent, and that the opinion testimony of the arresting officer was properly admitted, we affirm the judgments of the Superior Court.

1. *Facts.* Immediately before trial, the defendant pleaded guilty to possession of cocaine with intent to distribute and conspiracy to distribute cocaine under indictments stemming from events on December 5, 1997, and January 2, 1998. These cases were originally scheduled to be joined with the case at trial.

On December 5, 1997, at an apartment in Pittsfield, the defendant sold one-eighth of an ounce of crack cocaine, or an "eight ball," valued at $140, to an undercover State trooper. The defendant was aided in this sale by a female accomplice. On January 2, 1998, at another apartment in Pittsfield, the defendant sold two bags of crack cocaine to another undercover State trooper, one bag weighing at least one-half gram, in exchange for a stereo system. The defendant was again aided by a female accomplice in the sale. The defendant also pleaded guilty to conspiracy to distribute crack cocaine between November 1, 1997, and February 6, 1998. During the plea hearing, the Commonwealth indicated that a witness would have

testified that he had purchased four "eight balls" from the defendant during this time period.[1]

At trial, the Commonwealth presented the following evidence. On February 17, 1998, just before 10 P.M., two police officers were patrolling a commercial district of Pittsfield when they spotted the defendant sitting in a car. The defendant was known to the officers and they were aware of an outstanding warrant for his arrest for dealing crack cocaine. A female passenger was sitting in the back seat of the defendant's vehicle at the time of his arrest.

The police conducted a routine search of the defendant at the police station and found a large piece of crack cocaine in the defendant's right sock. This crack cocaine was later found to weigh 2.71 grams. He had no "smoking apparatus" but did carry an operational pager.

Officer Glenn Civello, one of the arresting officers and a narcotics investigator for the city of Pittsfield, testified at trial. He stated that the amount of crack cocaine found on the defendant could be split into twenty-seven pieces and sold for a total street value of $540. He also testified that the average amount of cocaine sold for personal use was 0.1 grams. Furthermore, he stated that while the true weight of an "eight ball" is 3.5 grams, he had known "eight balls" to be sold at 2.2 grams as well. Officer Civello opined that based on the evidence and circumstances of the case, the amount of crack cocaine found on the defendant was not consistent with personal use and was consistent with an intent to distribute.

2. *Discussion.* a. *Admission of prior drug distribution evidence.* As a general rule, "the prosecution may not introduce evidence that a defendant previously has misbehaved, indictably or not, for the purposes of showing his bad character or propensity to commit the crime charged." *Commonwealth* v. *Helfant*, 398 Mass. 214, 224 (1986). Prior bad act evidence, however, may be introduced to show, "a common scheme, pat-

---

[1] By way of a stipulation, evidence of the prior bad acts was admitted through a recitation of the facts made at the defendant's plea hearing coupled with the defendant's acknowledgment that he had committed the acts described. The defendant does not argue that the method of receiving this evidence was erroneous; therefore, we need not address it.

tern of operation, absence of accident or mistake, identity, intent or motive." *Id.* The judge, within sound discretion, must consider whether the probative value of such evidence is outweighed by potential prejudice. *Commonwealth* v. *Leonard*, 428 Mass. 782, 786 (1999). The decision of the judge to admit prior misconduct evidence "will be upheld on appeal absent palpable error." *Id.*, quoting *Commonwealth* v. *Valentin*, 420 Mass. 263, 270 (1995).

The defendant's state of mind or intent was particularly relevant and material to the Commonwealth's proof of the crimes charged in the indictments, and evidence of the defendant's prior bad acts was admissible as evidence of his intent at the time of the crimes charged. See *Commonwealth* v. *Helfant*, *supra* at 227, citing *Commonwealth* v. *King*, 387 Mass. 464, 469-473 (1982). In these circumstances, evidence of the defendant's prior conduct in distributing cocaine, which was substantially similar to the circumstances surrounding the crimes charged, was highly probative of his intent. The defendant, in the previous sales, used female accomplices, changed venues to conduct his sales (selling from two different apartments), and sold similar amounts of crack cocaine ("eight balls" and quantities larger than commonly possessed for personal use). At the time of his arrest, the defendant was in possession of 2.71 grams of crack cocaine (approximately one "eight ball"), he was in the company of a female, in a vehicle (a venue different from his prior venues), and in possession of an operational pager.[2] The similarities between the circumstances of the defendant's prior conduct of drug dealing and the circumstances at the time of his arrest were significant and tended to evince his intent to distribute the cocaine in his possession at that time, and also to rebut the inference that the defendant possessed the cocaine for his own personal use. *Commonwealth* v. *Helfant*,

---

[2]We recognize that many people carry paging devices. The defendant, at the time of his arrest, not only possessed a pager, but also possessed 2.71 grams of crack cocaine in circumstances similar to those when he sold cocaine to the undercover State troopers. The pager, therefore, supports the inference that the defendant intended to distribute the crack cocaine in his possession. *Commonwealth* v. *Savageau*, 42 Mass. App. Ct. 518, 520 (1997) ("The beeper, while not significant in itself, also lends support to the conclusion that the defendant was connected to the drugs").

*supra*, citing *Commonwealth* v. *Fleury-Ehrhart*, 20 Mass. App. Ct. 429, 431 (1985), and *People* v. *Thompson*, 27 Cal. 3d 303, 319 (1980) ("if a person acts similarly in similar situations, he probably harbors the same intent in each instance").

The evidence of the defendant's prior drug sales was sufficiently related in time to be logically probative. In general, there is no specific time limit on when a prior bad act can no longer be admissible. See *Commonwealth* v. *Jackson*, 417 Mass. 830, 841 (1994). See also *Commonwealth* v. *Helfant, supra* at 228 & n.13 (three years not too long to render prior bad acts inadmissible). But see *Commonwealth* v. *Brusgulis*, 406 Mass. 501, 503, 505-506 (1990) (two prior bad acts, occurring four and ten years before case at trial, inadmissible to prove identity). In the case at bar, the previous sales occurred six and ten weeks prior to his arrest and were not so remote as to make them inadmissible.[3]

The determination that prior bad act evidence pertains to a defendant's intent, has similarities with the crime charged to be meaningfully distinctive, shares proximity of time and place with the crime charged, and that the probative value of the prior bad acts evidence does not outweigh its prejudicial effect is left within the sound discretion of the trial judge and will not be overturned absent palpable error. See *Commonwealth* v. *Leonard, supra* at 786, and cases cited. We conclude that the judge did not abuse his discretion in admitting evidence of the defendant's prior bad acts.

b. *Opinion testimony of arresting officer.* The Commonwealth argues that it was not error for the judge to allow Officer Civello to testify that the drugs possessed by the defendant were not consistent with personal use. We agree. "The use of narcotics investigators to testify in this manner as experts in drug cases has been consistently upheld." *Commonwealth* v. *Johnson*, 413 Mass. 598, 604 (1992), and cases cited. It is not clear from the trial transcript that Officer Civello was specifically qualified as an expert witness, but the Commonwealth properly estab-

[3]Moreover, the conspiracy charge to which the defendant pleaded guilty covered the time period from November 1, 1997, through February 6, 1998, the later date being less than two weeks prior to the February 17, 1998, incident.

lished his expertise as a narcotics investigator and, based on our reading of the transcript, the judge had accepted the witness as an expert. See *Commonwealth* v. *Salcedo*, 405 Mass. 346, 350 (1989) ("It is evident from the transcript that the judge believed the . . . officer was qualified, and his allowing the testimony implies he made that finding"). As an experienced narcotics investigator, Officer Civello could properly offer that type of opinion testimony. See *Commonwealth* v. *Johnson*, 410 Mass. 199, 202 (1991) (a detective experienced with narcotics investigations properly allowed to testify amount of cocaine found on defendant was consistent with intent to distribute).

The judge appropriately constrained the witness's testimony to his opinion of whether the circumstances were consistent with personal use or intention to distribute. The defendant was not prejudiced by Officer Civello's testimony before an experienced trial judge in a jury-waived trial.

The evidence was sufficient to establish the defendant's intent beyond a reasonable doubt. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979). The state of mind or intent of a defendant is often not susceptible of direct proof, and thus, must be inferred from all the circumstances presented at trial. See *Commonwealth* v. *Kilburn*, 426 Mass. 31, 34-35 (1997), and cases cited. The Commonwealth presented evidence of the defendant's prior sales of crack cocaine in circumstances similar to those existing at the time of his arrest, indicating his intent at the time of his arrest. The Commonwealth also submitted expert police testimony that the quantity of the drugs the defendant possessed was consistent with distribution rather than personal use. Civello testified that the crack cocaine in the defendant's possession could be divided into twenty-seven one-tenth-ounce pieces and sold for a street value of $540. The defendant also possessed an operational pager at the time of his arrest, a traditional accouterment of the illegal drug trade. See *Commonwealth* v. *Clermy*, 421 Mass. 325, 331 (1995). Additionally, the police did not find any smoking paraphernalia in the defendant's possession at the time of his arrest, tending to refute his assertions of possession for his own personal use. The inference from all the circumstances that the defendant intended to distribute the crack cocaine in his possession at the time of

his arrest is reasonable and possible, though not inescapable, and the evidence was sufficient to support the judge's conclusions. *Commonwealth* v. *Kilburn*, *supra*, and cases cited.

3. *Conclusion.* For the foregoing reasons, we conclude that there was no abuse of discretion by the judge in admitting evidence of the defendant's prior misconduct and the opinion testimony of Officer Civello. There was sufficient evidence for the judge to find the defendant guilty of the crimes charged.

*Judgments affirmed.*