The defendant, Ivan Davila, appeals from his conviction by a Superior Court jury of unlawful possession of a class A substance, heroin, with intent to distribute.[2] On appeal, he contends that the judge abused his discretion in allowing evidence of prior bad acts to be admitted, specifically acts tending to show that he distributed heroin just prior to his arrest. He argues that he was prejudiced by statements made by the prosecutor and the judge characterizing these prior bad acts as drug distribution. He also claims that the judge's final instructions failed to limit the jury's consideration of the prior bad acts to permissible purposes. We affirm.
Facts. Based on the evidence at trial, the jury could have found that, on April 3, 2016, at approximately 6:45 P.M. , the defendant was standing with his bicycle, conversing with a group of people in a courtyard of a housing project in Springfield. Two officers, who were parked in a parking lot nearby, watched as one of the individuals in the group handed the defendant money in exchange for small items that the defendant removed from the righthand pocket of his jacket. The group was alerted to the presence of police and scattered, with the defendant riding away on his bicycle. Approximately thirty minutes later, the officers located the defendant inside a nearby gas station. When the defendant exited, the officers stopped him outside the doors of the gas station. The officers searched the defendant and found thirty bags of heroin in the defendant's righthand jacket pocket. The officers also found $1,036 on the defendant.
Discussion. The defendant argues that the judge abused his discretion by allowing police officers to testify regarding their observations of the defendant engaged in a hand-to-hand exchange with others prior to his arrest. Because the defendant preserved the issue by raising it as a motion in limine, see Commonwealth v. Grady, 474 Mass. 715, 719 (2016), we review for prejudicial error. Our inquiry begins with whether there was an error; that is, whether it was an abuse of discretion for the judge to have admitted the evidence. Commonwealth v. Sharpe, 454 Mass. 135, 143 (2009). A judge abuses his discretion where he makes "a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (citations and quotations omitted).
"The long-standing rule is that 'the prosecution may not introduce evidence that a defendant previously has misbehaved, indictably or not, for the purposes of showing his bad character or propensity to commit the crime charged, but such evidence may be admissible if relevant for some other purpose.' " Commonwealth v. McClendon, 39 Mass. App. Ct. 122, 127-128 (1995), quoting from Commonwealth v. Helfant, 398 Mass. 214, 224 (1986). "Such other relevant purposes include intent, knowledge, state of mind, identity, motive, pattern of conduct, common scheme, or absence of mistake or accident." Id. at 128. See Mass. G. Evid. § 404(b)(2) (2018). If the evidence is relevant and "has probative value, the trial judge in his discretion must decide if such evidence is admissible by determining whether its probative value outweighs the risk of undue prejudice." McClendon, supra.
As the defendant concedes, the officers' observations were probative to show the defendant intended to sell the heroin he possessed and to rebut the defendant's claim, alluded to in his opening statement, that it was for his own personal use. See Commonwealth v. Gollman, 436 Mass. 111, 114 (2002) (finding no abuse of discretion in the admission of prior drug distribution evidence where it was probative of the defendant's intent and "to rebut the inference that the defendant possessed the cocaine for his own personal use"). We discern no abuse of discretion in the judge's determination that the probative value of this evidence outweighed the risk of undue prejudice.
Cognizant of the potential prejudice, the judge prohibited the officers from rendering any opinion regarding what the defendant was actually doing and gave limiting instructions after each officer's testimony. The judge cautioned the jury that they could use the evidence of the exchange only to understand why the officers pursued and ultimately arrested the defendant, and not for whether he was a bad person or whether he committed a different crime than the one with which he was charged. "[A]ny prejudice was minimized by the judge's careful instructions to the jury that such evidence could only be used for a limited purpose" and "[j]uries are presumed to follow such limiting instructions." Commonwealth v. Johnson, 45 Mass. App. Ct. 473, 479 (1998).
The defendant nevertheless argues that the limiting instructions were undermined by the characterization of the uncharged conduct as alleged drug distribution by both the judge and the prosecutor, even though no expert witness testified to that effect.[3] The jurors readily could have inferred from the evidence that the exchange was likely drug distribution, without the need for any expert testimony. The defendant was observed taking small items out of his righthand jacket pocket and giving them to others in exchange for money. A short time later, police found small packets of heroin in the defendant's righthand jacket pocket. From this, the jury could have deduced that the defendant had been selling heroin just prior to his arrest. Indeed, the evidence was offered precisely for the purpose of allowing the jury to understand the reason that the police approached the defendant -- suspected drug dealing, and to allow the jurors to infer that the heroin found in the defendant's possession was held for the purpose of drug distribution -- because he had been distributing drugs only moments before. Under the circumstances, there was no undue prejudice from the references to the exchange as alleged drug distribution.
The defendant also contends that the final instruction to the jury concerning the prior bad acts evidence was confusing and failed to restrict the jury's consideration to its legitimate purpose. As the defendant points out, the judge misspoke. Instead of telling the jurors that they could not convict the defendant based on his conduct in the courtyard, the judge called the area a parking lot. The parking lot, of course, was where the officers were as they observed the defendant, not where the exchange occurred. As the defendant did not object to this portion of the instruction, we review for a substantial risk of a miscarriage of justice. See Commonwealth v. Drummond, 76 Mass. App. Ct. 625, 627 (2010). There was none.
"When reviewing jury instructions, [w]e evaluate the instruction as a whole, looking for the interpretation a reasonable juror would place on the judge's words. We do not consider bits and pieces of the instruction in isolation." Commonwealth v. Young, 461 Mas. 198, 207 (2012) (citation omitted). Taken as a whole, the jury reasonably would have understood that the judge meant the courtyard where the defendant was observed and not the parking lot from which the police were watching. Further, given that the defendant was searched and arrested at a gas station, not a parking lot, a reasonable juror would not have mistaken the two locations.
Beyond this misstatement, the judge's instructions were clear. As to the prior bad acts evidence, the judge emphasized that the defendant was not charged with committing any crimes other than those in the indictments. He prohibited the jurors from finding the defendant guilty of the charged offenses based solely on the prior bad acts evidence. He then correctly instructed on the proper use of the prior bad acts evidence:
"[Y]ou may consider this evidence on the issue of why the police officers pursued the Defendant and ultimately took him into custody. And you may also consider this testimony for the purpose of determining whether or not the Defendant had the motive, the opportunity, the intent, the preparation, the plan and knowledge."
Although the judge did not explicitly say that the evidence could not be used for propensity purposes in his final instruction, he did say in each limiting instruction (closer in time to the evidence presented) that the prior bad acts evidence could not be used for the purpose of establishing that the defendant was a bad person or had committed other crimes. Under the circumstances, we discern no substantial risk of a miscarriage of justice.
Judgments affirmed.

The defendant was also convicted of resisting arrest; he makes no argument related to this conviction.

The criticized language was contained in the limiting instructions that were proposed by the defendant. Thus, any error in this regard was invited. See Commonwealth v. Leary, 92 Mass. App. Ct. 332, 342 (2017) (invited error reviewed only to extent necessary to prevent substantial risk of miscarriage of justice).