NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-38

COMMONWEALTH

vs.

MAUREEN MCCARTHY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A jury convicted the defendant of operating under the influence of intoxicating liquor.[1]  On appeal the defendant argues that the evidence was insufficient to support her conviction.  We affirm.

Background.  We summarize the evidence in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  The defendant's tenant was at his apartment on School Street in Manchester-by-the-Sea when the defendant showed up and tried to enter, causing the tenant to call the police.  About ten minutes later, the tenant saw the defendant driving her car "erratic[ally]" as she tried to back out of the driveway next to his apartment building.  The

---

[1] The trial judge later found the defendant not responsible for the civil infraction of driving without possession of a license.

driveway was accessible only from School Street.  When the
tenant went downstairs to record what was happening, the
defendant put the car in park, got out, and started walking
toward him quickly.  The tenant retreated into the building.

Officer Zakary Johnson responded to the scene at about 8:41
P.M. and observed the defendant banging on the front door of the
building and "making a lot of verbal noise," which he described
as "[l]oud, incoherent babbling."  As he spoke to the defendant,
Officer Johnson noticed that she was slurring her speech,
smelled of alcohol, and was "argumentative and agitated."  When
asked for her license, the defendant got into her car, which was
still parked in the driveway, and then said, "I have no idea
where it is."  There was no one else in or near the car, and the
defendant told Officer Johnson that she "drove there" about ten
minutes prior to his arrival.

Officer Ronald Ramos responded soon thereafter and
similarly observed that the defendant had slurred speech,
smelled of alcohol, and was unsteady on her feet, and that her
demeanor was "combative."  Based on his observations, Ramos
asked the defendant to submit to field sobriety tests.  Upon
administering the horizontal gaze nystagmus test,[2] Officer Ramos

_____

[2] As described by Officer Ramos, this is "a test where you look
at the person's eyes and you use an instrument, usually a pen,
and you're looking for nystagmus in the eyes, and you look for
smooth pursuit or the lack thereof, and maximum deviation."

2

noticed that "there was a lack of smooth pursuit of [the defendant's] eyes," which he described as bloodshot and glassy. The defendant did not perform any other field sobriety tests, stating that she could not do so because of an injury. At some point the defendant stated that she would take a preliminary breath test but only if the officers promised to let her leave if she was under the legal limit.

Forming the opinion that the defendant was under the influence of alcohol, Officer Johnson placed her under arrest and transported her to the police station. During the booking process, the defendant was argumentative, continued to slur her words, and still smelled strongly of alcohol. At about 10:26 P.M., the defendant took a breath test, which showed a blood alcohol content of .10 percent.

Discussion. To sustain a conviction of operating under the influence of intoxicating liquor, the Commonwealth must prove three elements: "(1) operation of a vehicle, (2) on a public way, (3) under the influence of alcohol." Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995). The defendant argues that the evidence was insufficient to establish the first two elements because the driveway was a private, not public, way and no witness observed her driving on School Street. We disagree.

The defendant's admission to Officer Johnson that she "drove there," corroborated by other evidence, was adequate to

3

show that she operated a vehicle on a public way.[3]  Although a defendant may not be convicted based solely on an uncorroborated confession, see Commonwealth v. Forde, 392 Mass. 453, 457-458 (1984), the corroboration required in this context is "quite minimal," Commonwealth v. Lagotic, 102 Mass. App. Ct. 405, 409 (2023), quoting Commonwealth v. Green, 92 Mass. App. Ct. 325, 327 (2017).  In particular, "[t]he corroboration rule requires only that there be some evidence, besides the confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary."  Forde, supra at 458.

The evidence here was adequate to show that the crime was not imaginary.  The tenant saw the defendant driving the car in the driveway, and there was no evidence that anyone had been in the car with her.  The defendant's request that the officers let her leave, as well as the tenant's observation of her trying to back out of the driveway, suggested that the defendant did not live at that location, raising the inference that she drove there.  Furthermore, the defendant's statement that she had arrived ten minutes prior to Officer Johnson's arrival coincided with the timeframe provided by the tenant.  All of this evidence

---

[3] To the extent the defendant challenges the denial of her motion to suppress her admission, she has waived that claim by not providing us with a copy of the hearing transcript and by not supporting the claim with adequate appellate argument.  See Commonwealth v. Woody, 429 Mass. 95, 97 (1999); Commonwealth v. Salcedo, 405 Mass. 346, 351 (1989).

4

corroborated the defendant's admission to Officer Johnson that she had driven to the location ten minutes earlier.  See Lagotic, 102 Mass. App. Ct. at 409 (defendant's admissions to driving vehicle corroborated by evidence that he was on roadside near accident site and by lack of evidence to suggest anyone else had been driving).  The corroborated admission in turn, coupled with the fact that the driveway was accessible only from School Street, was sufficient to show that the defendant operated her vehicle on a public way.[4]

To the extent the defendant claims that there was insufficient evidence to establish that she was impaired, she has not supported the claim with adequate appellate argument. See Commonwealth v. Salcedo, 405 Mass. 346, 351 (1989).  In any event, the Commonwealth presented sufficient proof of impairment -- in particular, the defendant's erratic driving in the driveway; her combativeness, slurred speech, unsteadiness on her feet, and bloodshot and glassy eyes; the smell of alcohol coming from her breath; Officer Johnson's opinion that she was under the influence of alcohol; and the results of the breath test taken at the police station.  See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 390-391 (2017).  Any remaining claims, to the extent we have not addressed them, likewise do not rise to

_____

[4] The defendant does not argue that the evidence was insufficient to show that School Street is a public way.

5

the level of adequate appellate argument and do not warrant overturning the defendant's conviction.

Judgment affirmed.

By the Court (Desmond, Shin & Singh, JJ.[5]),

*Paul Little*

Assistant Clerk

Entered: January 24, 2024.

---

[5] The panelists are listed in order of seniority.

6