The defendant, John Aguiar, was convicted, following a jury trial, of multiple counts of indecent assault and battery on a person under the age of fourteen in violation of G. L. c. 265, § 13B. On appeal, he argues that the motion judge abused his discretion in denying his second motion for new trial in which he argued, inter alia, that his trial counsel was ineffective for failing to consult with an expert on the unreliability of memory. We affirm.
Background. We have previously summarized the facts as the jury could have found them in connection with the defendant's direct appeal and his appeal from the denial of his first motion for a new trial, See Commonwealth v. Aguiar, 78 Mass. App. Ct. 193 (2010) (Aguiar I ); Commonwealth v. Aguiar, 86 Mass. App. Ct. 1103 (2014) (unpublished) (Aguiar II ). Briefly, the defendant sexually abused two female victims, Lauren and Jane,[2] in his home when they were young children. The first victim, Lauren, is the defendant's niece.[3] Lauren was twenty-one years old at the time of trial, and testified that the defendant sexually abused her multiple times when she was six years old, during a period when she and her parents temporarily lived in his home.[4] The second victim, Jane, was the daughter of the defendant's wife's best friend, who was an employee of the family business. Jane was fifteen years old at the time of trial, and testified that, when she was between seven and nine years old, the defendant sexually abused her on numerous occasions when he babysat her in his home while her mother and his wife were out.
At trial, the defense was that the two victims and their respective families conspired to manufacture the abuse allegations as part of an extended familial dispute concerning the family business that had pitted both Lauren's and Jane's parents against the defendant and his wife. The defendant's trial counsel extensively cross-examined both victims, exposing inconsistencies in their testimonies to support his defense that they fabricated the allegations. The defendant was convicted. We affirmed.[5]
In his first motion for new trial, the defendant argued that his trial counsel provided ineffective assistance by pursuing a defense strategy that resulted in the joinder of the victims' cases and failing to object to the admission of evidence under the first complaint doctrine. His motion was denied. We affirmed. Aguiar II, 86 Mass. App. Ct. 1103 (2014).
In his second motion for new trial, the defendant again argues that his trial counsel was ineffective. This time, he faults trial counsel for failing to consult an expert on the unreliability of an adult's memory of abuse that occurred during early childhood. The defendant submitted an affidavit from a psychiatrist in which the psychiatrist reviewed inconsistencies in the victims' testimonies, listed certain memory disorders, and opined that expert testimony regarding the fallibility of memory was warranted in the defendant's case. In addition, the defendant submitted an affidavit from trial counsel stating that he did not make a strategic decision to forgo a defense "premised on dissociative or delusional disorder." The motion was denied by the motion judge, who was also the trial judge. This appeal followed.
Discussion. We review the defendant's argument that the motion judge erred in denying his motion for new trial for abuse of discretion. Commonwealth v. Cameron, 473 Mass. 100, 104 (2015). Because the motion judge also presided at trial, we extend the judge's decision "special deference." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). The defendant's claim of ineffective assistance of counsel is reviewed by applying the familiar two-part test: (1) whether the defendant has demonstrated "serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and (2) if so, whether counsel's poor performance "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
The defendant argues that trial counsel was ineffective because he did not consult an expert to explain that an adult's memory of events that occurred during childhood is unreliable. However, the psychiatrist concedes that the average juror would not need the aid of expert testimony in order to understand this concept. He states that "[t]he average juror has extensive personal experience of the fallibility of memory simply by achieving the age at which one can serve on a jury."
Next, the defendant argues that trial counsel was ineffective because he admits that he did not make a strategic decision regarding presenting a dissociative disorder defense. However, the psychiatrist does not explain dissociative disorder, the characteristics of someone who has this disorder, how the disorder affects memory or leads to a false accusation of sexual abuse, or how any of the characteristics of the victims fit within that disorder. At best, he points to certain discrepancies in the first complaints made by each of the victims and states that these discrepancies "raise[ ] questions about disassociation." Given the paucity of information in the psychiatrist's affidavit about dissociative disorder, we cannot fault trial counsel for not consulting with such an expert.[6]
While the psychiatrist also mentions other disorders such as "posttraumatic stress disorder, false memory syndromes, malingering, [and] factitious disorder," he does not explain these disorders, the causes thereof, the traits of individuals with these disorders, or how any of the disorders specifically might affect childhood memories of sexual abuse. Instead, the psychiatrist makes broad statements regarding the fallibility of memory, noting that inconsistencies in Lauren's testimony "raise[ ] questions about the accuracy and validity of her remembering," or suggest the "fallibility of memory."[7] When, in connection with his review of Jane's testimony, he mentions "misattribution or false memory" and "dissociation and other memory impairments,"[8] he says only that the testimony "raises questions" about the disorders without explaining what those questions might be or how they provide a basis for an otherwise overlooked defense to explain a false accusation of sexual abuse.[9] Cf. Commonwealth v. Polk, 462 Mass. 23, 27-29 (2012) (expert testimony on memory impairment admissible where expert explained memory disorder, identified victim's specific traits that were consistent with disorder, and opined that disorder would explain victim's alleged false testimony). Moreover, while an expert is not required to definitively diagnose a victim, the psychiatrist here failed even to suggest that victims' profiles fit any of the disorders he lists. At best, he sets forth "general factors [that] are frequently found in cases involving disorders of memory function" without explanation as to how specifically those factors relate to the victims. Cf. Commonwealth v. Shanley, 455 Mass. 752, 757-759 (2010) (expert testimony on memory admitted where, although expert did not diagnose victim, expert defined specific memory disorder, and also explained how its causes and symptoms were consistent with victim's history).
Even assuming arguendo that the failure to consult with an expert regarding such information fell below the performance of an ordinary fallible lawyer, the defendant has not shown that he was deprived of a substantial ground of defense. As explained above, the psychiatrist's affidavit does not set forth how specifically any of the enumerated memory disorders are consistent with the victims' profiles; and, he provides no explanation as to how these disorders affect memory or cause false memories of sexual abuse. Indeed, with regard to the defendant's principle argument-that memory can distort over time due to a number of factors-the psychiatrist admits this is a concept well understood by the average juror.[10] See Commonwealth v. Hudson, 446 Mass. 709, 725-726 (2006) (declining to find counsel ineffective where counsel failed to pursue defense strategy that would not have aided defendant's case).
Order denying motion for new trial, dated December 13, 2016, affirmed.

Pseudonyms are used for the victims. They are the same pseudonyms used by this court in Aguiar I.

Her stepfather is the defendant's wife's brother.

At the time that the families were living together, the defendant, the defendant's wife, and Lauren's stepfather worked together in the family business.

His argument on direct appeal was that the trial judge erred by denying his motion to sever and thereby allowing the two victims' cases to be tried together. Aguiar I, 78 Mass. App. at 198-199.

Because the defendant has not shown that trial counsel was ineffective, his appellate counsel on his first motion for a new trial was not ineffective when he did not raise this claim. See Breese v. Commonwealth, 415 Mass. 249, 256 (1993) ("Appellate counsel [is] not ineffective for choosing to forgo a meritless argument").

Similarly, with regard to other inconsistencies in the victim's testimony, the psychiatrist states only: "this confusion warrants expert opinion regarding the fallibility of memory"; and "all of these contradictory statements warrant an expert opinion regarding the problem of memory dysfunctions."

The psychiatrist also states, without further detail: "The testimony by [Jane] and her mother regarding the details of the first complaint and motivation for divulging information are discrepant and thus raise the issue of false memory, fabrication, or contamination of memory as a result of other influences."

Similarly, the psychiatrist notes that "multiple sources of depression and depression itself can directly influence the validity and reliability of memory," and Jane's mental health issues "raise[ ] much deeper questions about [her] memory reliability," but does not set forth those questions or explain how depression particularly affects memory.

Because the defendant's new trial motion does not raise a substantial issue, the motion judge did not abuse his discretion in declining to hold an evidentiary hearing. See Commonwealth v. Chatman, 466 Mass. 327, 334 (2013).