The defendant appeals from the denial of his motion, pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), to withdraw his 2003 guilty pleas. He argues that the pleas were not voluntary and knowing because plea counsel failed to provide effective assistance, and that there were special circumstances supporting a conclusion that the defendant placed particular emphasis on immigration consequences in deciding whether to plead guilty. We affirm, essentially for the reasons explained in the judge's ruling.
On August 8, 2003, the defendant was charged in the District Court with possession of "crack" cocaine with intent to distribute, possession of crack cocaine, assault and battery on a police officer, and resisting arrest.[2] On December 11, 2003, the defendant, represented by counsel, pleaded guilty to counts one, two, and three, and received concurrent sentences of probation for one year.[3] At the time of the pleas, both the defendant and his attorney signed and submitted to the court a tender of plea or admission waiver of rights form (green sheet), indicating that he had discussed his "constitutional and other rights" with his attorney, and that he understood that, if he was not a citizen of the United States, his pleas may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization. Although the Commonwealth recommended concurrent six-month house of correction sentences on each charge, the plea judge imposed concurrent terms of one year of probation. The defendant successfully completed his probation term, and his probation was terminated at the end of the year.
On December 13, 2016, more than thirteen years later, the defendant filed a motion to vacate his guilty pleas, arguing ineffective assistance of counsel.[4] In the motion, he alleged ineffective assistance by plea counsel for failing to advise him of the immigration consequences that would result from his guilty pleas. Specifically, the defendant claimed that, had counsel informed him of the potential consequences, he "would have asked [his] lawyer to try and negotiate a different plea or gone to trial regardless of the risks, rather than simply agree to an offense that would bar legal status and result in [his] removal." He alleged that, as a result of counsel's deficiency, his pleas were not knowing and voluntary. On December 28, 2016, without a hearing, the motion judge, who was not the plea judge, denied the motion; the defendant timely appealed.
"A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass.R.Crim.P. 30(b)." Commonwealth v. Lavrinenko, 473 Mass 42, 47 (2015), quoting from Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). When a defendant appeals from the denial of his motion for new trial under Mass.R.Crim.P. 30(b), we review "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Diaz, 75 Mass. App. Ct. 347, 350 (2009), quoting from Commonwealth v. Acevedo, 446 Mass. 435, 441 (2006).
In addition, when the motion is based on a claim of ineffective assistance, "[t]o prevail, the defendant bears the burden of showing that his attorney's performance fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that he suffered prejudice because of his attorney's unprofessional errors." Lavrinenko, 473 Mass. at 51, quoting from Commonwealth v. Clarke, 460 Mass. 30, 45 (2011).
The defendant has not shown that plea counsel failed to provide effective assistance. Given the passage of time, there is no transcript of the plea hearing available; however, other contemporaneous evidence -- the green sheet and the notation on the docket that the judge gave the required immigration warning pursuant to G. L. c. 278, § 29D -- suggests that the defendant was adequately advised of the consequences that his convictions would have for his immigration status. Motion counsel stated in his supporting affidavit that, although plea counsel told him that he had no recollection of the defendant's case, he informed motion counsel that he "always explained" his clients' immigration rights to them, and that he "told every client that they could be deported." There is no affidavit from plea counsel included in this record.
"When weighing the adequacy of the materials submitted in support of a motion for a new trial, the judge may take into account the suspicious failure to provide pertinent information from an expected and available source." Commonwealth v. Goodreau, 442 Mass. 341, 354 (2004). "A judge is not required to credit assertions in affidavits submitted in support of a motion for a new trial and may evaluate them in light of factors pertinent to credibility, including bias, self-interest, and delay." Commonwealth v. Torres, 469 Mass. 398, 403 (2014).
In addition, even if the defendant could, on this record, satisfy the first prong of Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), that is, to show that plea counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer," he has failed to show that "he would have rejected the plea but for the incompetent advice of counsel." Commonwealth v. Pike, 53 Mass. App. Ct. 757, 763 (2002). "In the context of a guilty plea, in order to satisfy the 'prejudice' requirement, the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Clarke, 460 Mass. at 47, quoting from Hill v. Lockhart, 474 U.S. 52, 59 (1985). The defendant also must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Clarke, 460 Mass. at 47, quoting from Padilla v. Kentucky, 559 U.S. 356, 372 (2010). "The judge must determine, based on the credible facts, whether there is a reasonable probability that a reasonable person in the circumstances of the defendant would have chosen to go to trial had he or she received constitutionally effective advice from his or her criminal defense attorney regarding the immigration consequences of a guilty plea." Lavrinenko, 473 Mass. at 55.
The defendant here fails to meet this burden. See Saferian, supra. As noted, defense counsel negotiated a plea agreement with the Commonwealth that gave the defendant an opportunity to argue against a jail sentence; the judge then adopted counsel's recommendation of probation rather than the Commonwealth's request for concurrent six-month sentences in the house of correction. The evidence against the defendant was strong, and the negotiated plea produced for him a favorable disposition -- one year straight probation on charges of possession of cocaine with intent to distribute and assault and battery on a police officer. He points to no ground of defense that he reasonably could have pursued at a trial, nor is one apparent from the record. As a result, the defendant offers no persuasive reason to conclude that any additional efforts by counsel, either in plea negotiations or at a trial, could have produced a better deal for him.
The defendant also has failed to prove any " 'special circumstances' to support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty." Clarke, 460 Mass. at 47-48, quoting from Hill, 474 U.S. at 60. The motion judge's findings indicate that he implicitly discredited the defendant's self-serving affidavit, averring that he "would have done virtually anything to avoid deportation to Jamaica, where [he] had no support system." In addition, it is worth noting that the record contains no affidavits from any members of his "support system" in the United States.[5]
The defendant's claim that his pleas were neither intelligent nor voluntary is also unavailing. The motion judge was warranted in rejecting the defendant's affidavit, and there is thus no available basis on which to conclude that the pleas were defective.
We see no abuse of discretion in the denial of the defendant's motion to withdraw his guilty pleas. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Order denying motion to withdraw guilty pleas affirmed.

The police report included in the record indicates that the defendant was arrested by an undercover police officer. Acting on an informant's tip, the officer had arranged to meet with an individual to purchase cocaine. When the defendant appeared, the officers identified themselves as police officers, and the defendant turned to run. One officer observed what he believed to be a quantity of cocaine in the defendant's mouth, but the defendant struggled, punching and kicking at the officers. One rock of cocaine was recovered after the defendant spit it from his mouth. Officers believed that the defendant swallowed additional rocks of cocaine during the struggle.

The charge of possession of crack cocaine was dismissed.

As noted in the Commonwealth's brief, the defendant has provided us only with an unsigned copy of his motion and attached supporting affidavits. He likewise has failed to include the pages of the trial court docket reflecting the filing of his motion and related documents. Nonetheless, the Commonwealth does not challenge the authenticity of the filings, and in the interest of judicial economy, we address the merits of the matter despite this inadequate record. Cf. Commonwealth v. McCormick, 48 Mass. App. Ct. 106, 107 (1999).

The defendant's affidavit in support of his motion does not state what family members live in the United States, or where they live, or how they support him. He told the arresting police officer that "he had no address and sleeps in his vehicle on occasion. He did have an Ontario Canada drivers license but he stated he [did] not live there as of [then]."